■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GARDNER WADE, Respondent.— Appeal from an order of the Supreme Court, Kings County, dated April 5, 1968, which granted defendant's motion to dismiss the indictment and transferred the matter to the Family Court. Order modified,

on the law, by (1) amending the decretal provisions therein so as to limit the granting of the motion, the dismissal of the indictment and the transfer to the Family Court to the first two counts of the indictment and so as to deny the motion as to the third count and (2) striking out the direction that defendant is discharged. As so modified, order affirmed. No questions of fact were considered. Defendant was indicted for burglary in the second degree, assault in the second degree, and possession of a loaded firearm, as a felony. The charges arose from an altercation between him and one Mary Wade, his wife. Upon trial, after selection of a jury, defendant made the motion to dismiss the indictment, on the ground that matters concerning husband and wife, where an assault has occurred, must be heard by the Family Court before the Grand Jury may consider the facts for the purpose of an indictment. Although the District Attorney offered to proceed without the burglary and assault charges, thus apparently conceding that these two counts fell within the Family Court Act provisions, Criminal Term granted the motion and directed that the entire matter be heard by the Family Court. In so doing, the court declined to take a "technical view" that the weapon charge stood independently from the other charges. In our opinion, there was a clearly charged violation of subdivision 2 of section 1897 of the former Penal Law, which made it a felony to possess a loaded firearm. This charge is a distinct crime and stands independently of any assault committed or attempted with the weapon (*People ex rel. Nickerson* v. *La Vallee*, 17 A D 2d 874, mot. for lv. to app. den. 12 N Y 2d 645). The instant case is distinguishable from those cases in which assaults were committed with a knife or razor blade, possession of which cannot be separated from the concurrent assault or intent to assault, since it is the intention to commit the underlying assault which makes that possession a felony (see, e. g., *People* v. *James*, 55 Misc 2d 953; *People* v. *Johnson*, 20 N Y 2d 220). Here, the Legislature has made possession of a loaded firearm a crime and under these circumstances the possession charge does not have to be sent first to the Family Court. Beldock, P. J., Christ, Brennan and Munder, JJ., concur; Rabin, J., dissents and votes to affirm the order.