John Copertino, J.
The defendant, charged with the misdemeanor possession of a loaded revolver in violation of subdivision 2 of section 265.05 of the Penal Law moves to transfer the complaint to the Family Court pursuant to section 813 of the Family Court Act.
The District Attorney consents, citing as authority People v. Fowlkes (24 N Y 2d 274, 285).
The weapon came to the attention of the police when the defendant’s wife called them following a heated argument between her and the defendant.
Section 813 of the Family Court Act directs a transfer where the offenses of disorderly conduct or an assault are charged. People v. Fowlkes (supra) holds that the transfer of a crime other than assault or disorderly conduct is required when the crime charged relies on an assault1 ‘ or the intent to commit it. ’ ’ If a nonassault crime depends or is “ inextricably related ” to an assault or an intent to commit an assault, then a transfer is in order. In the Fowlkes case the Court of Appeals ruled that the possession of a dangerous knife “with intent to use the same unlawfully against another ” (Penal Law, § 1897, subd. 9) and a breaking and entering with intent to assault were inextricably related to an intent on the part of the defendant to assault his wife. Absent this intent, the acts of the defendant would have gone almost without notice. ‘1 The burglary charge, without the intent to assault, fails and leaves only the criminally ambiguous fact that a husband broke into his wife’s apartment. For similar and even stronger reasons, without the assault the possession of the knife may not be criminal at all.” (People v. Fowlkes, supra, p. 286.)
Not so here, however; wrongful possession of the weapon does not depend upon an intent by the defendant to use it upon his wife. The act complained of is prosecutable completely absent an intent to use it on his wife. Possession was wrongful and illegal long before any dispute between defendant and his wife arose, and would have continued so after their feelings subsided. It was only incidental that an act wrongful in and of itself came to light as the result of an argument between the defendant and his wife.
As a matter of fact, there is not even a charge of assault present upon which the possession of a gun may be said to rely.
Under these circumstances the court fails to see the applicability of Fowlkes and denies the motion.