Ralph Diamond, J.
The People’s motion to amend the information, changing the date, time and basis of knowledge to “on information and belief ” rather than on police officer’s personal knowledge, is granted. The court finds that the amendments do not change the theory" of"the-prosecution nor prejudice the defendant. Defendant’s cross motions to dismiss the information are denied.
The court does find merit in defendant’s argument that if the People’s amendments are granted by the court, the charge against the defendant must be transferred to the Family Court.
The accusatory instrument originally charged the defendant with a violation of subdivision 2 of section 265.05 of the Penal Law, possession of a loaded revolver. That instrument was based upon the police officer’s personal knowledge of the alleged crime. On those facts the court would have reached the same conclusion as in People v. Mancuso (59 Misc 2d 941), a case also involving possession of a gun.
In Mancuso (supra) the defendant’s wife notified the police that her husband was in possession of a gun. That alone would not require a transfer to the Family Court since the offense charged was not one of those enumerated in section 812 of the Family Court Act. Therefore the District Court did have jurisdiction in that case.
This court finds, however, that having granted the People’s amendments, it must examine the supporting deposition which now forms the foundation of the amended accusatory instrument. The supporting deposition is by Rosa Diggs, defendant’s wife, and reads in part as follows: ‘ ‘ That on the 5th day of March, 1972, at about 5:00 a.m., I observed my husband, James Diggs * * * in an intoxicated condition. He reached in his right pocket and pulled out a gun and showed it to me and said, ‘ You see this, I’m going to blow your damn brains out. ’ Then he put it back in his pocket. It was a short black gun. He went down into the basement and I heard him moving around. When he got up in the morning, I told him that I was going to report him. He said that I didn’t see any gun and said it was a ‘ shadow.’ This morning, March 10, 1972, I found the gun over the door leading into a small storeroom in the cellar. To the best of my knowledge my husband does not have a permit for a gun. ’ ’
*900 The facts set forth in the wife’s supporting deposition clearly spell out the necessary elements to support a charge of menacing, attempted assault or reckless endangerment. Each of these offenses is a crime over which the Family Court has exclusive original jurisdiction under section 812 of the Family Court Act. However, the District Attorney failed to charge any of those offenses and instead seeks to continue the charge of wrongful possession, which is not one of the offenses enumerated in section 812.
The court is now faced with this question:
Is the District Court precluded from transferring a prosecution to the Family Court when the People circumvent the Family Court’s original jurisdiction by not bringing a charge over which the Family Court has original jurisdiction, although the facts of the case warrant such a charge?
Had the People brought a charge of menacing, reckless endangerment or attempted assault, this prosecution would have to be transferred to the Family Court. (People v. Johnson, 20 N Y 2d 220.)
If the People had brought a charge of either menacing, reckless endangerment or attempted assault and the additional charge of possession of a dangerous weapon, this court could transfer all the charges to the Family Court if it found that the menacing, reckless endangerment or attempted assault charge was inextricably related to the wrongful possession charge by a common element in the offenses. (People v. Fowlkes, 24 N Y 2d 274.)
In the case before this court, the People have circumvented the ruling in People v. Johnson (supra) by simply not" bringing charges warranted by the facts. Similarly, the People have negated the impact'of People v. Fowlkes (supra) by charging a nonassault offense and failing to charge an offense that would mandate transfer to the Family Court.
The People may not defeat the intent of the Legislature by failing to bring proper charges. Section 811 of the Family Court Act clearly spells out the “ finding and purpose ” of the Family Court Act granting the Family Court exclusive original jurisdiction. This section clearly points out that prior to the adoption of the Family Court Act wives who suffered from assault, menacing acts, etc., were compelled to bring a “ criminal charge ’ ’ to invoke the jurisdiction of a court, when their real purpose was to obtain practical help; not punishment of the husband. The Family Court is better equipped to render such help.
*901 Section 813 of the Family Court Act authorizes this court to transfer to the Family Court any criminal complaint enumerated in that section. The sole criminal charge the court has before it is wrongful possession of a dangerous weapon, which is not one of the offenses listed in section 813. In the Fowlkes case, the Court of Appeals transferrd charges of burglary and possession of a dangerous weapon (neither being a charge for which Family Court had original jurisdiction) to the Family Court for its decision to resolve or retransfer the matter back to the criminal court. This court is of the opinion that section 813 must be, read together with sections 811 and 812 of the Family Court Act.
It therefore finds that a criminal court does have the jurisdiction to transfer a proceeding to the Family Court whenever the facts in a case contain the necessary elements to constitute an offense for which the Family Court has original jurisdiction. The failure of the accusatory instrument to charge such offense should not and may not prevent this court exercising its obligation to transfer this matter to the Family Court.
This proceeding is transferred to the Family Court pursuant' to section 813 of the Family Court Act.