Joseph P. -Sullivan, J.
Defendant, who has been indicted for the possession of a loaded firearm, as a felony, and a violation of section 265.35 (subd. 4, par. [a]) of the Penal Law, moves to dismiss the indictment and to transfer the proceedings to the Family Court pursuant to section 813 of the Family Court Act.
The complaint filed in the Criminal Court charged defendant with having fired a gun in Apartment No. 6 of premises known as 380 East 167th Street on July 23, 1973 and reckless endangerment and assault.
Defendant and the complainant, Delores Edge, were married on September 11, 1959 in New York City. Evidently, the marriage has not been terminated by judicial process. It is defendant’s contention that inasmuch as he and the complainant are still married, the complaint should have been transferred to the Family Court in the first instance rather than having been presented to the Grand Jury. The Grand Jury indicted defendant on the weapons charge, but not on the assault and reckless endangerment offenses charged in the Criminal Court complaint. Defendant contends that the charges of assault and reckless endangerment are part and parcel of and inseparable from the weapons charge, and inasmuch as these uncharged offenses have to do with an assault between husband and wife, the Family Court has original jurisdiction.
In People v. Williams (Fowlkes) (24 N Y 2d 274, 285 [1969]), the Court of Appeals held that the Family Court had original jurisdiction in a case where a husband broke into the wife’s apartment, and stabbed her. The defendant was indicted on *803 two counts of assault, and burglary and possession of a dangerous weapon. While it was conceded that the Family Court had original jurisdiction over the assault counts, the District Attorney urged that the burglary and weapon counts were nonassault charges and were rightfully prosecuted in the Supreme Court. The court held (24 N Y 2d 274, 286-287): “ in this case, however, the crimes charged, burglary and felonious possession of a dangerous weapon, rely on the assault, or the intent to commit it, as the only.element of criminal conduct charged in the indictment. The burglary charge, without the intent to assault, fails and leaves only the criminally ambiguous fact that a husband broke into his wife’s apartment. For similar and even stronger reasons, without the assault the possession of the knife may not be criminal at all * * * In both instances here the assault charges have been converted to ‘ non-assault ’ charges, although the non-assault charges still depend on an intent which is found only in the assault. The purposes of the Family Court Act should not be subject to the likely circumvention such a practice <w|ould allow. Consequently, when assault and non-assault \charges are inextricably related by a common element %n the offenses, and not otherwise, ithe transaction Ues in the first instance within the jurisdiction of the Family Court.” (Emphasis supplied.)
The problem confronting this court is whether the possession of a loaded gun, which is contraband per se as distinguished from a knife which requires the possessor to have an intent to use the same unlawfully against another in order to make the possession thereof a criminal offense (Fowlkes, 24 N Y 2d 274, supra; People v. Sigismondi, 21 N Y 2d 186), is “ inextricably related ’ ’ to the assault herein between the husband and wife so as to render such possession subject to examination in the Family Court in the first instance.
In People v. Wade (31 A D 2d 657, 658), a pre-Fowlkes case, the court held that the possession of a loaded firearm was- a violation of section 1897 of the former Penal Law and “ is a distinct crime and stands independently of any assault committed or attempted with the weapon * * * The instant case is distinguishable from those cases in which assaults were committed with a knife :or razor blade, possession of which cannot be separated from the concurrent assault or intent to assault, since it is the intention to commit the underlying assault which makes that possession a felony.” The same rationale was adopted in People v. Mancuso (59 Misc 2d 941 [Dist. Ct., Suffolk County, 1969]), while ¡a contrary conclusion was reached in *804 People v. Diggs (72 Misc 2d 898 [Dist. Ct., Nassau County, 1973]).
While the language in Fowlkes (24 N Y 2d 274, supra), pertaining to the relationship of a common element in crimes committed between spouses, is susceptible of different interpretations, it is this court’s -opinion that the possession of that which is contraband per se, even if used in an assault between husband and wife, constitutes an independent crime which may be prosecuted by indictment without an initial referral to the Family Court. Felonious possession of a weapon is a crime in and of itself capable of a life of its own and of standing independently.
The foregoing reasoning, however, does not apply to the second count of the indictment which charges defendant with a violation of section 265.-35 (subd. 4, par. [a]) of the Penal Law. As to that charge it is manifest that the willful discharge of the gun, as charged, is a crime inseparable from any assault upon the wife or attempt thereat. Accordingly, the second count of the indictment is dismissed without prejudice to the right of the District Attorney to transfer the complaint with respect thereto to the Family Court .for appropriate proceedings thereon (Family Ct. Act, § 813).
The motion to dismiss the indictment is denied.