OPINION OF THE COURT
Stanley Gartenstein, J.
The court finds itself in the position of focusing attention upon omissions in implementation of the new statutory scheme dealing with assaults between members of the same household which may well threaten solutions to a problem faced twice by the Legislature in as many years. The court’s reference is to concurrent jurisdiction in the Family Court and the criminal courts as it interacts with a statutory election of remedies which is irrevocable.
The complaint herein alleges that defendant did, on Febru *908 ary 9, 1979, throw a bottle at complainant, his wife, thereby placing her in fear of imminent physical injury (attempted third degree assault [Penal Law, §§ 110.00, 120.00] and criminal possession of a weapon in the fourth degree [Penal Law, § 265.01]). In questioning the complainant on record the court ascertained that she was not interested in prosecuting criminally but in help for her husband’s chronic alcoholism. Further, she testified that she was never officially advised of the different functions of the Criminal Court and Family Court; and had she been so advised, would have elected to proceed in Family Court.
In order to place the current election of remedies in its proper perspective, it is necessary to consider the statutory scheme prior to September 1, 1977 under pre-existing provisions of article 8 of the Family Court Act. An action involving assault by members of the same household, if originated in the Criminal Court, had to be transferred by that court to the Family Court for its determination as to whether or not its procedures were appropriate. Any determination not to retain jurisdiction in favor of retransfer to the Criminal Court based upon "inappropriateness” had to be made upon specified findings on the record reviewable on appeal (Matter of Appell v Appell, 37 AD2d 966, affd 30 NY2d 800). As a result of arguments to the effect that this scheme constituted a de facto license for abusive spouses to further brutalize their victims without effective criminal sanctions, the Legislature abolished the transfer provisions* in favor of election by the aggrieved spouse to proceed either in the Family Court or the Criminal Court. Obviously, this election would choose the Family Court if reconciliation was sought; the Criminal Court if sanctions or punishment the desired result. In enacting this new scheme, the Legislature was cognizant that an abused spouse who summons the police for emergency help, does so without the luxury of sophisticated representation by counsel — that in fact, the litigation will go forward in a "poor-person’s court.” For this reason, it mandated that certain admonitions be given to every complainant (Family Ct Act, § 812; Judiciary Law, § 216):
a) That there is concurrent jurisdiction in both, Criminal Court and Family Court;
*909 b) That Family Court proceedings are civil and geared to keeping the family intact;
c) That Criminal Court proceedings can result in criminal conviction;
d) That a proceeding is commenced by signing and verifying an accusatory instrument or petition and not by arrest;
e) That signing and filing of accusatory instrument or petition constitutes a binding choice of forum after lapse of 72 hours or finding on the merits, whichever is sooner;
f) That an arrest may be the basis of a proceeding in either court but is not a requirement for commencement of either proceeding.
We are constrained to hold as a matter of law that these admonitions to a complainant are crucial to the new statutory scheme; that they constitute a condition precedent which must be met before a binding election of remedies is imposed. Where the Legislature contemplated the use of a "poor-person’s court” for the unsophisticated litigant, it must be held to have imposed a positive duty upon that court itself to insure that litigants do in fact understand precisely what legal process they have activated.
We hold, therefore, that lacking the required admonitions to her, complainant may pursue her remedy in the Family Court. Inasmuch as the statutory machinery for transfer is now nonexistent, we dismiss without prejudice to such proceedings. We note too the commendable candor of the Assistant District Attorney who so moved on behalf of the People. Because our experience matches that of many colleagues on the bench in finding that the admonitions in question have not been forthcoming in a disturbing number of cases, we call attention of the Bar to this problem confident that it will react by insistence on compliance where legally mandated.

 Section 813 retains some aspects thereof which do not impact upon the situation before us.