OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant appeals from an order affirming his conviction, on a plea of guilty, of assault in the second degree. The underlying alleged error on which he grounds his appeal was the denial of his motion to dismiss the indictment for failure of compliance with the provisions of former subdivision 2 of section 812 of the Family Court Act (L 1977, ch 449), which at the time of his prosecution provided:
“The presiding justice of each judicial department shall designate by rules of court the appropriate law enforcement official, who may be a probation officer, warrant officer, *805 sheriff, police officer or any other law enforcement official, to advise any petitioner or complainant bringing a proceeding under this section, before such proceeding is commenced, of the procedures available for the institution of family offense proceedings, including but not limited to the following:
“(a) That there is concurrent jurisdiction with respect to family offenses in both family court and the criminal courts;
“(b) That a choice of forum by a complainant or petitioner bars any subsequent proceeding in an alternative court for the same offense;
“(c) The legal, social and practical consequence of an adjudication by the family court and that an adjudication in family court is for the purpose of attempting to keep the family unit intact. Referrals for counseling, or counseling services, are available through probation for this purpose.
“(d) The legal, social and practical consequence of an adjudication by the criminal courts and that an adjudication in the criminal courts is for the purpose of punitive action against the offender.”
It is his contention that the criminal action was jurisdictionally defective because the proceeding concerned acts which would constitute assault in the second degree between spouses and because his wife as complainant was never advised of the procedures available for the institution of family offense proceedings in Family Court in compliance with the statutory prescription.
There is a threshold procedural obstacle to consideration of defendant’s substantive contention which he cannot surmount; by his plea of guilty he waived his right to advance his present contention on appeal. In an effort to overcome this waiver defendant advances two arguments. In the first place he argues that the failure to advise his wife constituted a jurisdictional defect and accordingly survives his guilty plea. The provisions of subdivision 2 do not, however, go to the jurisdiction or authority of Supreme Court to entertain the present prosecution. At most they consist of a threshold, statutory directive with respect to procedures to *806 be followed for access to the Family Court or to the criminal courts, unrelated to the judicial competence of those courts. Nothing in the statute or in the legislative history of its enactment suggests that it was intended or even visualized that the consequence of failure to give the advice contemplated would oust either Family Court or the criminal courts, or conceivably both courts (which are expressly given concurrent jurisdiction), of authority to entertain prosecutions concerning family offenses. Additionally, it appears that the statutory provisions in question are intended to alert complainants to their right to choose the court of prosecution, which choice defendants have no right to command. In any event, however the prescription of the statute is to be conceptually classified, there is no substance to defendant’s assertion that failure of compliance constitutes a non waivable jurisdictional infirmity.
In the second place, defendant asserts that at the time of plea he expressly reserved the claim he now makes. While it seems more likely that defense counsel was merely indicating in response to a query from the court that he was not waiving jurisdictional challenges which he would otherwise be entitled to raise on appeal, even if the colloquy disclosed in the plea minutes be interpreted as an express reservation of his present contention, it is unavailing. A defendant cannot by a unilateral recital of an intention or desire to preserve a legal contention evade what would otherwise be the consequences of his guilty plea.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.