OPINION OF THE COURT
Louise Gruner Gans, J.
The defendant, Louis Singleton, is charged with attempted assault in the third degree (Penal Law §§ 110.05, 120.00 [1]), aggravated harassment in the second degree (Penal Law § 240.30 [1], [2]), harassment (Penal Law § 240.25 [1], [5]), criminal trespass in the second degree (Penal Law § 140.15), endangering the welfare of a child (Penal Law § 260.10 [1]), and criminal contempt in the second degree (Penal Law § 215.50 [3]).
In the course of a bench trial before me on April 8 and 13, 1988, a question arose as to the jurisdiction of the Criminal Court to adjudicate the charges against the defendant on the ground that pursuant to Family Court Act § 812 (2) and CPL 530.11 the complaint had made a binding election to proceed against the defendant in the Family Court. Because of the emergence of this issue before the conclusion of the trial, the court reserved decision, and counsel submitted memoranda addressed to the issue of the court’s jurisdiction.
The factual background is as follows: On June 21, 1987, Nancy Singleton, the complainant in this court, filed a family offense petition, pursuant to Family Court Act article 8, in the Family Court, Bronx County, against her husband, Louis Singleton, who is the defendant before this court. Acting on the petition, on July 20, 1987, the Family Court, pursuant to Family Court Act § 842, issued a permanent order of protection in favor of Nancy Singleton. The order, the duration of which is 12 months, directed that "[r]espondent[, Louis Single *962 ton,] shall refrain from acts constituting assault, menacing, reckless endangerment, and/or disorderly conduct directed against [petitioner; and it is further Ordered respondent excluded from petitioner’s apartment.”
Earlier, on February 15, 1986, the Bronx County Family Court had issued an order governing visitation by Louis Singleton, of their child, Louis, Jr.
On August 10, 1987, pursuant to Family Court Act § 846, the complainant filed a petition for violation of the order of protection, in the Bronx Family Court, based on conduct allegedly engaged in by Louis Singleton on July 26, 1987 and August 8, 9 and 10, 1987. It is the conduct complained of on August 9 and 10, 1987 along with the events of July 26, 1987 which likewise form the basis of the criminal charges. Also on August 10, 1987, the complainant filed with the Family Court a petition for modification of the visitation order. Both petitions were signed by the complainant on August 10, 1987.
Defendant was arrested on August 13, 1987 on Mrs. Singleton’s complaint to the police and given a desk appearance ticket returnable in the Bronx Criminal Court on October 8, 1987.
On August 19, 1987, Mrs. Singleton appeared at the offices of the Bronx County District Attorney and swore out a criminal complaint against her husband for his actions of July 26, and August 9 and 10, 1987. The complaint was filed by the People on August 19, 1987, but defendant was not actually arraigned until October 8, 1987. August 19,1987 is the date of commencement of these criminal proceedings, since the mere issuance of a desk appearance ticket does not have that effect. (See, CPL 30.30. [5] [b].) On October 9, 1987, the Family Court dismissed the petition for violation of the July 20, 1987 order of protection based on the pendency of the criminal proceedings.
The defendant bases his motion to dismiss on the complainant’s irrevocable election of the Family Court as the forum in which to litigate the issues arising out of the alleged violation of the Family Court’s order of protection. Defendant argues that more than 72 hours passed after Mrs. Singleton appeared in Family Court on August 10, 1987 when she commenced a proceeding in that forum and August 19, 1987 when she signed the complaint to have her husband’s conduct prosecuted according to the Penal Law. (CPL 100.07, 530.11; Family Ct Act §§ 812, 821.)
*963 The People argue that Mrs. Singleton was not provided with the admonitions and information mandated by Family Court Act § 812 (2) (a)-(f), and therefore did not make a legally effective election to proceed in the Family Court. Complainant’s affidavit recites that she was not informed of the differing purposes of proceeding in these fora and that had she known of this, she would have chosen the Criminal Court. In the alternative, the People contend that even if Mrs. Singleton is found to have made a binding election to proceed in the Family Court, the Criminal Court nevertheless retains jurisdiction over that count of the information charging defendant with criminal contempt in the second. (Penal Law § 215.50.)
 The court concludes that complainant has made a binding election to proceed in the Family Court with respect to those counts of the information charging defendant with attempted assault in the third degree, harassment, and aggravated harassment in the second degree. Consequently, those charges pursuant to Penal Law §§ 110.00, 120.00 (1); §§ 240.25 and 240.30 are dismissed with leave to restore in the Family Court. With regard to the charges of endangering the welfare of a child, criminal trespass in the second degree and criminal contempt in the second degree, the court holds that those counts are within the jurisdiction of the Criminal Court.
Family Court Act § 812 (1) confers jurisdiction on the Family Court concurrent with the Criminal Court over certain acts designated as "family offenses” which constitute disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault, between spouses or between a parent and child or between members of the same family or household. (Hayes v Hayes, 131 Misc 2d 317 [Fam Ct, Suffolk County 1986].) CPL 530.11 (1) also provides for such concurrent jurisdiction. (People v Perez, 109 Misc 2d 291 [Crim Ct, NY County 1981].) In addition to these enumerated "family offenses”, case law has extended the jurisdiction of the Family Court to other penal offenses when the nonenumerated offense is "inextricably” linked to an enumerated family offense. (People v Williams, 24 NY2d 274, 287 [1969]; People v Oliver, 75 AD2d 590 [2d Dept 1980]; People v Wade, 31 AD2d 657 [2d Dept 1968]; People v Harris, 113 Misc 2d 46 [Suffolk County Ct 1982].)
Offenses will be considered inextricably linked only when they share a common legal element. (People v Williams, 24 NY2d, supra, at 286.) An offense whose legal elements stand *964 independently of the enumerated offenses charged in a given case is distinct and may not be heard in the Family Court. (People v Wade, 31 AD2d, supra, at 658.) It follows that with regard to those penal offenses which are not inextricably linked to one of the enumerated "family offenses”, no right of election exists because the Criminal Court has exclusive jurisdiction over them. Conversely, a right of election exists only with regard to those offenses over which both courts may exercise jurisdiction. (People v McGraw, 138 Misc 2d 349 [Nassau County Ct 1988]; People v Hayden, 129 Misc 2d 444 [Suffolk County Ct 1985], affd 128 AD2d 726 [2d Dept 1987].)
In the instant case, it is clear that attempted assault and harassment are family offenses enumerated in Family Court Act § 812 (1). Aggravated harassment in the second degree (Penal Law § 240.30) has been held to be inextricably linked with harassment (Penal Law § 240.25) because both offenses define the culpability with which the offending acts must be carried out as involving the "intent to harass, annoy or alarm another person”. (People v Hasse, 57 Misc 2d 59 [Dist Ct, Suffolk County 1968].)
Criminal trespass in the second degree (Penal Law § 140.15) is defined as knowingly entering or remaining unlawfully in a dwelling. Unlike the charge of burglary (former Penal Law § 402) in People v Williams (24 NY2d 274 [1969], supra), which was held to be in the jurisdiction of the Family Court, assault or intent to assault are not elements of this offense. People v McCarthy (59 AD2d 749 [2d Dept 1977]) found that criminal trespass in the first degree was inextricably related to assault in the third degree by the common element of a deadly weapon or dangerous instrument which is lacking here. Thus, criminal trespass in the second degree shares no elements with the enumerated "family offense” of assault.
Endangering the welfare of a child (Penal Law § 260.10) occurs when a defendant
"1. * * * knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or a female child less than seventeen years old * * * or
"2. Being a parent, guardian or other person legally charged with the care or custody of a child less than eighteen years old, he fails or refuses to exercise reasonable diligence in the control of such child to prevent him from becoming an 'abused child,’ a 'neglected child,’ a 'juvenile delinquent’ or a 'person *965 in need of supervision,’ as those terms are defined in articles ten, three and seven of the family court act.”
An examination of cases dealing with conduct under this section leads to the conclusion that although a prosecution for a charge of endangering the welfare of a child may involve facts interrelated with those at issXie in a prosecution for assault or harassment such as those at issue here, the section encompasses a far broader range of behavior. (People v Bergerson, 17 NY2d 398, 401 [1966] [serving liquor to minors]; People v Suarez, 133 Misc 2d 762, 763-764 [Sup Ct, Bronx County 1986]; People v Benu, 87 Misc 2d 139 [Crim Ct, Kings County 1976] [arranging the marriage of 13-year-old daughter].) Although a charge under this section may overlap with a charge based on an assault, harassment or the other enumerated "family offenses”, it is not possible to identify common elements of those offenses and endangering the welfare of a child in the legal sense as required under the test set forth in People v Williams (supra) and People v Wade (supra). Because the legal elements of the offense of endangering the welfare of a child are not technically congruent with those of the enumerated "family offenses”, the court holds that it has jurisdiction to entertain the prosecution of this charge.
Lastly, criminal contempt in the second degree (Penal Law § 215.50 [3]) is that conduct which constitutes the "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court”. None of these elements is part of any one of the enumerated "family offenses” here.
Further, there are other compelling reasons why the Criminal Court has exclusive jurisdiction to try this charge. Although the Family Court has power to enforce its orders of protection, issued in family offense matters, by, inter alia, a jail term of up to six months (Family Ct Act § 846 [a]), it lacks the contempt power in this context. Section 156 of the Family Court Act provides that "[t]he provisions of the judiciary law relating to civil and criminal contempts shall apply to the family court in any proceeding in which it has jurisdiction under this act or any other law, and a violation of an order of the family court in any such proceeding which directs a party, [or] person * * * to do an act or refrain from doing an act shall be punishable under such provisions of the judiciary law, unless a specific punishment or other remedy for such violation is provided in this act or any other law.” Since a statutory remedy for violation of a Family Court order of protec *966 tion has been prescribed, pursuant to Family Court Act § 156, the Family Court has no contempt powers in such enforcement proceedings. (Matter of Murray, 98 AD2d 93 [1st Dept 1983].)
The wording of Penal Law § 215.50 leads to the conclusion that "mandate of a court” means the mandate of any court. A charge of criminal contempt is therefore sustainable against one who violates the order of a Family Court (People v Feist, 129 Misc 2d 761 [Dist Ct, Suffolk County 1985]), and does not carry with it a right of election because the Family Court has no power to hear a comparable offense.
Finally, the purpose of a prosecution for criminal contempt is not in any sense private, but has as its objective the vindication of the integrity of the judicial system. It is inconceivable that the decision to bring a criminal proceeding for this offense could rest in the hands of an individual complainant. (See, People v Hayden, 129 Misc 2d 444 [Suffolk County Ct 1985], affd 128 AD2d 726 [2d Dept 1987], supra; People v McGraw, 138 Misc 2d 349 [Nassau County Ct 1988], supra.)
Whether the charges of attempted assault, harassment and aggravated harassment may be heard by this court depends on whether the complainant has elected this or another forum. When events occur which violate a Family Court order of protection and which would constitute "family offenses” under Family Court Act § 812 or CPL 530.11 a complainant has three available choices. A Family Court petition or a petition for violation of the order of protection may be filed in the Family Court or a complainant may proceed to institute a prosecution in the Criminal Court. (Family Ct Act § 847; CPL 530.12 [7].) Under section 821 of the Family Court Act and CPL 100.07, subsequent proceedings may not be begun in the other forum after 72 hours have passed since the origination of the first proceeding, if that first proceeding remains undisposed of or has been decided on the merits.
Here, it is undisputed that on August 10, 1987, Mrs. Singleton commenced a proceeding in the Family Court based on her husband’s alleged violation of the Family Court’s order of protection. The earliest date on which this criminal prosecution may be said to have originated was August 19, 1987, the day complainant signed a criminal court complaint. The District Attorney’s Office filed the charges against defendant on the same day. Because the proceedings in Criminal Court commenced more than 72 hours after a still-pending Family *967 Court proceeding was instituted, it would appear that this court lacks jurisdiction over those counts of the informations for which complainant had a right of election, attempted assault, harassment and aggravated harassment. However, there still remains the issue of whether Mrs. Singleton made an effective election to proceed in the Family Court absent her receipt of the information and admonitions required to be provided to every complainant seeking redress for a "family offense”. (CPL 530.11 [2]; Family Ct Act § 812 [2].)
In order to effectuate the right of the victim to make an intelligent choice at a time of stress, both the Criminal Procedure Law and the Family Court Act require that before any proceeding is commenced, a complainant be given information, including the right to elect either forum, how that election may be made, the possible consequences of proceeding in Criminal Court and the services and functions available to bring about conciliation through Family Court. (CPL 530.11 [2]; Family Ct Act § 812 [2].) In addressing the People’s contention that failure to so inform Mrs. Singleton renders her initial selection of the Family Court invalid, the court will assume that complainant was not provided with this information when she went to the Family Court on August 10, 1987.
Although it is clearly desirable that complainants make informed choices about which type of proceeding to initiate, this court is constrained under the authority of People v Mack (53 NY2d 803, 805-806 [1981]) to find that: "[the provision of this advice] do[es] not * * * go to the jurisdiction or authority of [Criminal] Court to entertain the present prosecution. At most the * * * [information] consists] of a threshold, statutory directive with respect to procedures to be followed for access to the Family Court or to the criminal courts, unrelated to the judicial competence of those courts.” Accordingly, the failure of various agencies to apprise Mrs. Singleton of her options does not affect her election to proceed in the Family Court even if that election was not the product of an informed decision or was not appropriate to her needs.
However, the court also feels constrained to point out, as have other courts (People v Perez, 109 Misc 2d 291 [Crim Ct, NY County 1981]; People v Garcia, 98 Misc 2d 907 [Crim Ct, NY County 1979]; People v Kimlingen, 132 Misc 2d 131 [Dist Ct, Nassau County 1986]; People ex rel. McIver v Gray, NYLJ, Feb. 9, 1982, at 16, col 2 [Sup Ct, Westchester County]), that the present system of advising complainants does not always provide the court and the litigants with the assurance, at an *968 early stage, that both a binding and an informed election of forum has been made. If, instead of or in addition to the present system, a complainant was read the advice and information on the record and questioned about the pendency of other proceedings at the first appearance in either Criminal Court or Family Court, both the courts’ concerns for judicial economy and the interests of victims of domestic violence would be better served.
The matter will be set down for the court to announce its verdict on the charges of criminal contempt in the second degree, criminal trespass in the second degree and endangering the welfare of a child.