OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a motion to dismiss pursuant to CPL 530.11, Family Court Act § 812 and Judiciary Law § 216.
This decision addresses a unique issue of law where the charge for which the defendant was indicted constitutes a family offense matter within the meaning of the foregoing sections of law. However, the original charge was not a family offense within the meaning of the law.
*1063 The facts are as follows: On May 20, 1989, the defendant, Theresa Warner, and her husband, Michael Warner, began drinking early in the day. They later went to visit a friend. The defendant, Theresa Warner, and her husband, Michael Warner, had an argument. Michael Warner pushed the defendant and kicked her in the stomach. Michael Warner acknowledged "I don’t recall whether I actually hit her. I know I knocked her all over the house and kicked her around”. He smashed various items and shelves that were in the room. She took a steak knife and pointed it at him. He broke the first knife; she got a second knife. She swung the knife and stabbed him. Both the defendant and her husband were apparently intoxicated. Michael Warner, after being stabbed, was taken to the Taylor-Brown Hospital and released after three days. The defendant was arrested and charged with assault in the first degree on May 21, 1989.
The alleged victim is the husband of the defendant. He was not advised pursuant to CPL 530.11 of the right to elect in which forum to proceed. The charge of assault in the first degree is specifically precluded from the notice requirements contained in CPL 530.11. On September 14, 1989, an indictment was filed charging the defendant with assault in the second degree, alleging that the defendant did recklessly cause serious physical injury to Michael Warner by stabbing him with a kitchen knife with an approximately five-inch blade.
Michael Warner, the alleged victim in this case, has signed an affidavit indicating that he had never advised the police that he wanted a criminal action commenced against his wife, Theresa Warner, the defendant. He indicated a reluctance to testify to the Grand Jury. At no time did he sign the felony complaint which commenced the action. Since the incident, which is alleged to have occurred on May 21, 1989, the victim and defendant have attended alcohol counseling and have been working and living together trying to make some changes in their lives so that they can regain custody of their children. He further indicated he was never advised by the police officer or District Attorney that he had a right to decide whether the matter should be pursued in County Court as a criminal proceeding or in Family Court as a family offense proceeding.
When Michael Warner, the alleged victim in this case, was so advised on January 12, 1990, he signed and filed with the Seneca County Family Court a family offense petition. He *1064 indicated he did so because he wanted to obtain counseling and end the disruption in his family, rather than continue with the criminal prosecution. He has joined in the application by the defendant to dismiss the indictment.
CONCLUSIONS OF LAW
The provisions of CPL 530.11 make it apparent that the legislative intent was to create a choice on behalf of the complainant between forums. The Court of Appeals has held that that mandated advice is not a jurisdictional prerequisite. It is a right which is for the benefit of the complainant (People v Mack, 53 NY2d 803). The election provided to the victim and the choice of forum is intended to be an informed and educated one (see, CPL 530.11 [2]; People v Garcia, 98 Misc 2d 907).
A court may grant a motion to dismiss an indictment upon the grounds set forth in CPL 210.20.
In order to rely on CPL 210.20 (1) (h) for authorization for dismissal, the jurisdiction and/or legal impediment must be substantial (People v Coppa, 57 AD2d 189). The Court of Appeals has addressed the jurisdictional issue, but has not addressed the question of the existence of a legal impediment which would frustrate the intent of the relevant statutes (People v Mack, 53 NY2d 803; CPL 530.11; Family Ct Act § 812; Judiciary Law § 216).
The purpose of CPL 530.11 is to allow the victim to determine in which court to proceed at the outset of the action and to be aware that that determination is a final one (People v Falzone, 142 Misc 2d 337). On the facts of this case, that was not possible. The purpose of CPL 530.11 would be thwarted if the court allowed this indictment to stand on the facts as have been presented to it.
Therefore, it is the judgment of this court that the motion to dismiss the indictment is granted pursuant to CPL 210.20 (1) (h).