OPINION OF THE COURT
Luther V. Dye, J.
The defendant, charged with violation of Penal Law § 120.00, assault in the third degree, § 240.25, harassment, and § 215.50 (3), criminal contempt in the second degree, moves to dismiss the information on the grounds that (1) this court lacks jurisdiction of the matters set forth in the information, (2) that Queens Family Court is the appropriate forum to hear violations of its orders and (3) that a prosecution for criminal contempt in the second degree would violate defendant’s due process rights. Defendant also moves for an order transferring the charges of assault in the third degree and harassment to the Queens Family Court pursuant to Family Court Act § 1014 and CPL 210.43.
After a review of the motion papers, the defendant’s memorandum of law, the People’s response and the court file, defendant’s motion is denied in its entirety.
*844 The court in reaching this decision makes the following findings of fact and conclusions of law.
On December 4, 1987 the Department of Social Services filed a neglect petition in Queens Family Court on behalf of Mayra Rivas, the complainant herein, who was then 15 years old. All proceedings upon that petition were concluded after a hearing before Justice Joseph L. Torres who, inter alla, issued a dispositional order of protection on April 19, 1989, pursuant to article 10 of the Family Court Act.
The order of protection directed Raul Jhon, the defendant herein, to have no contact with and to stay away from Mayra Rivas until her 21st birthday. The order of protection expires March 13, 1993.
On September 12, 1990, based on the complaint of Mayra Rivas, an information was filed in Criminal Court charging the defendant, Raul Jhon, with assault in the third degree and harassment. The defendant was arraigned on the information on September 13, 1990. On December 18, 1990 defendant made an omnibus motion, to which the People responded on January 8, 1991 and the court rendered a decision on January 31, 1991.
On February 1, 1991 the People filed a superceding complaint, which was converted to an information on February 7, 1991, adding the charge of criminal contempt in the second degree to the previous charges. No action in Family Court was commenced based on the September 12, 1990 incident alleged in the information.
On February 15, 1991 the defendant served and filed the within motion to dismiss and the People responded on March 7, 1991.
On September 12, 1990 the complainant, whose date of birth is March 3, 1972, was 18 years old.
The defendant claims that the Criminal Court lacks jurisdiction to hear these charges, that the Family Court is the appropriate forum to adjudicate a violation of its order of protection, and that prosecution of the charge of criminal contempt pursuant to Penal Law § 215.50 (3) is in violation of defendant’s due process rights under the State and US Constitutions.
The Criminal Court has jurisdiction over all of the charges in this case.
As to the charges of assault in the third degree and harassment, the criminal courts, pursuant to CPL 530.11 (1), and the *845 Family Courts, pursuant to Family Court Act § 812 (1), are vested with concurrent jurisdiction over any proceeding which would constitute certain enumerated "family offenses”. These enumerated family offenses are: disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or between parent and child or between members of the same family or household. (CPL 530.11 [1]; Family Ct Act § 812 [1].)
The defendant in this case resided with the complainant and her mother on September 12, 1990. While it is unclear if the defendant and the complainant’s mother are legally married, it is undisputed that all three were, on September 12, 1990, members of the same family or household. As such, the alleged acts giving rise to the charges constitute "family offenses” within the meaning of CPL 530.11 (1) and Family Court Act § 812 (1) and, therefore, both Family Court and Criminal Court have jurisdiction over these charges.
Nevertheless, whether these charges may be heard by the Criminal Court depends on whether the complainant has made an irrevocable choice of forum to have this matter heard in Criminal Court.
Defendant claims that the complainant chose the Family Court as her choice of forum by bringing the Family Court proceeding in 1987, and Family Court retains jurisdiction over this case by virtue of the order of protection. This argument is without merit.
Pursuant to CPL 530.12 (7) and Family Court Act § 847, events which violate a Family Court order of protection and which would constitute "family offenses” constitute new offenses for which the complainant has three viable alternatives. The complainant may bring a new Family Court petition charging any of the enumerated family offenses, bring a Family Court petition for violation of the court’s order of protection or commence a prosecution in Criminal Court. Once an action is commenced in one forum, a subsequent proceeding may not be begun in the other forum after 72 hours have elapsed since the origination of the first proceeding and if the first proceeding remains undisposed of or has been decided on the merits (Family Ct Act § 821; CPL 100.07). The right to make the initial selection of the forum is personal to the complainant and defendant cannot object especially where complainant has in no way expressed a desire to change the forum (see, People v Harris, 113 Misc 2d 46, 50).
*846 In the instant case, the complainant commenced an action in Criminal Court on September 12, 1990 based on the incident which occurred on that date. It is undisputed that no Family Court action was ever initiated with respect to the September 12, 1990 incident. Additionally, the prior 1987 Family Court action was fully and finally disposed of on its merits.
Defendant also asserts that since this is a case of "child abuse”, the action should be transferred to the Family Court which court has exclusive original jurisdiction pursuant to article 10 of the Family Court Act. This argument is also without merit.
The complainant was 18 years old on September 12, 1990 and no longer a "child” within the meaning of section 1012 of the Family Court Act. As such, no proceedings pursuant to article 10 of the Family Court Act may be received by the Family Court.
Similarly, defendant’s reliance on CPL 210.43 as a basis for removing this case to Family Court is misplaced. CPL 210.43 pertains to removal of a case where the defendant is a juvenile offender. The defendant in this case is 34 years old and not a "juvenile offender” as defined in,CPL 1.20 (42).
The defendant is also charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) for violation of the Queens Family Court’s order of protection over which the Criminal Court in this case has exclusive jurisdiction. There are compelling reasons why the Criminal Court has exclusive jurisdiction to try this charge.
A substantial factor in determining whether certain enumerated family offenses are properly before this court depends in large part on the complainant’s exercise of her right to choose the forum. Criminal contempt, however, is not a designated family offense (Family Ct Act § 812 [1]; CPL 530.11 [1]) and therefore, the election provisions of CPL 100.07 and Family Court Act § 821 (3) are inapplicable to that crime.
Criminal contempt in the second degree is that conduct which constitutes the "[ijntentional disobedience or resistance to the lawful process or other mandate of a court” (Penal Law § 215.50 [3]). This wording of Penal Law § 215.50 (3) compels the conclusion that mandate of a court means the mandate of any court, including the Family Court.
Although the Family Court has power to enforce its own orders of protection issued in child protective proceedings by a *847 jail term of up to six months (Family Ct Act § 1072 [b]) it lacks the contempt power where another statutory remedy is available, as it is in this case. Section 156 of the Family Court Act provides that: “The provisions of the judiciary law relating to civil and criminal contempts shall apply to the family court in any proceeding in which it has jurisdiction under this act or any other law, and a violation of an order of the family court in any such proceeding which directs a party, person, association, agency, institution, partnership or corporation to do an act or refrain from doing an act shall be punishable under such provisions of the judiciary law, unless a specific punishment or other remedy for such violation is provided in this act or any other law” (emphasis added).
Since there is a prescribed statutory remedy for a violation of a Family Court order of protection (i.e., Penal Law § 215.50 [3]), pursuant to Family Court Act § 156, the Family Court has no power in such enforcement proceedings (Matter of Murray, 98 AD2d 93; Matter of Wilson, 98 AD2d 666; People v Singleton, 140 Misc 2d 960).
A charge of criminal contempt is, therefore, sustainable in Criminal Court against a defendant who violates the order of a Family Court and does not carry with it a right of election because the Family Court has no power to hear a comparable offense.
Furthermore, as in all other criminal actions, the purpose of a prosecution for criminal contempt is to vindicate a public concern, in this case, the integrity of the judicial system, and not to enforce or remedy any private rights of an individual. It is, therefore, inconceivable that the decision to bring a criminal proceeding for this offense could rest in the hands of an individual complainant. (See, People v Singleton, supra, 140 Misc 2d, at 966, and cases cited therein.) In fact, the complainant in this case did not commence an action for criminal contempt. The Criminal Court complaint filed September 12, 1990 does not contain a charge of criminal contempt. It is the People of the State of New York who bring the charge via the superceding information filed February 1, 1990 wherein they chose to add the charge of criminal contempt in the second degree to those charges brought by the complainant.
Finally, defendant claims that to prosecute him for criminal contempt in the second degree in Criminal Court would be in violation of his due process rights since as a respondent in a Family Court proceeding he was advised that *848 violation of the Family Court’s order of protection could result in a jail sentence not to exceed six months but Penal Law § 215.50 carries a jail sentence of up to one year. This argument, however, is without merit.
This apparent disparity has been dealt with in Penal Law § 215.54 which states: "Adjudication for criminal contempt under subdivision A of section seven hundred fifty of the judiciary law shall not bar a prosecution for the crime of criminal contempt under section 215.50 based upon the same conduct but, upon conviction thereunder, the court, in sentencing the defendant shall take the previous punishment into consideration.”
In this case, however, there is no Family Court action with respect to violation of its order of protection or based on the September 12, 1990 incident and there is nothing to indicate that there will be.
In view of the above, defendant’s motion is denied in its entirety.