OPINION OF THE COURT
Mathilde C. Bersani, J.
The matters before the court appear to be issues of first' impression regarding the propriety of a contempt prosecution pursuant to section 215.50 of the Penal Law in criminal court when the allegedly disobeyed court mandate is an order of protection issued by a Family Court pursuant to section 842 of the Family Court Act.
HISTORY
On February 18,1983, Edna M. Mosley filed a petition in Family Court under article 8 of the Family Court Act naming her husband John Mosley as the respondent and alleging that he had repeatedly threatened and harassed her. On March 23,1983, a dispositional order of protection was entered by that court pursuant to section 842 of the Family Court Act. That order of protection imposed certain conditions of behavior on John Mosley, to wit: not to strike, threaten or harass Edna M. Mosley. A notice was also contained in that order, pursuant to statute, as follows: “Your willful failure to obey this order may, after court *5 hearing, result in your commitment to jail for a term not to exceed six months for contempt of court.”
Allegedly, on April 22, 1983, John Mosley acted in a manner that led his wife to again seek judicial intervention. Mr. Mosley’s conduct was allegedly assaultive in nature, and occurred subsequent to the issuance of an order of protection, thereby bringing it within the purview of behavior proscribed by sections 812 and 847 of the Family Court Act. Given the elections available to her, Mrs. Mosley opted to initiate a proceeding in criminal court. Accordingly, the instant prosecutions of assault in the third degree (Penal Law, § 120.00) and criminal contempt in the second degree (Penal Law, § 215.50) were commenced by the filing of informations on April 23,1983.
CONTENTIONS
Without disputing the jurisdictional basis for the assault in the third degree charge, the defendant now moves to dismiss the criminal contempt in the second degree charge contending (1) such prosecution has been statutorily precluded by complainant’s election and (2) that criminal prosecution of same is violative of defendant’s due process rights.
In response, the District Attorney argues that prosecution pursuant to section 215.50 of the Penal Law is a viable course of action within the statutory framework as it provides for a finding of criminal contempt where a mandate of a court has been intentionally disobeyed.
In support, we are instructed that “mandate of a court” means the mandate of any court, clearly permitting utilization of section 215.50 when a Family Court order is violated. Additionally, the District Attorney reminds us of the distinctions between civil and criminal contempts and the law that either or both may be pursued in a given instance (Koenig v Eagle Waist Co., 176 App Div 724).
DISCUSSION
Although raising issues of constitutional dimensions, the answer to these matters is really quite simple. First of all, Family Court, although vested with a limited jurisdiction (Family Ct Act, § 115), is well equipped to handle matters of contempt, both civil and criminal (Family Ct *6 Act, § 156). In fact, as specifically relates to the recently enacted family offense article, sections 846 and 846-a of the Family Court Act provide a more than adequate procedure and power to deal with violations of court orders. In essence, the Legislature saw fit to vest Family Court with one remedy to the spousal violence existing in our society and, logically enough, also created a procedural mechanism for Family Court to enforce its own orders. While applauding the zeal in which the District Attorney’s office is responding to the social problem given the complainant’s choice of the criminal forum, we do not feel authorized to gratuitously preserve power, integrity, dignity and compel performance of another court’s order within the instant framework.
Secondly, we read section 847 of the Family Court Act to provide to a complainant three alternative courses of action once an assault allegedly occurs subsequent to the issuance of an order of protection. Mrs. Mosley could have filed a violation of order of protection pursuant to section 846 of the Family Court Act. Had she chosen this option, a hearing to determine the willfulness of defendant’s alleged violation would have ensued with a jail sentence of six months being a potential result. Mrs. Mosley might instead have elected to file a new petition in Family Court pursuant to section 821 of the Family Court Act alleging assaultive conduct. In the instant case, Mrs. Mosley sought the third remaining course of action; she commenced a proceeding in criminal court.
We cannot agree that this third course of action, when enacted, was intended to permit filing one information alleging assault and another alleging contempt. In addition to our rationale stated above that Family Court is the forum to enforce its own orders, we find the integrated structural design of the Family Court Act to be self-explanatory and self-contained. The option of a prosecution pursuant to section 215.50 of the Penal Law is simply not available under circumstances such as these.
Finally, due process considerations are also involved. Criminal contempt in the second degree carries a potential jail sentence of one year and is proven by showing an intentional disobedience to a court order. Defendant *7 herein, while a respondent in Family Court, was served with an order of protection and informed that he could be held in contempt and receive up to a six-month jail sentence should he willfully fail to obey the order. Constitutional concerns dictate an adherence to the Family Court contempt provisions had violation of the order of protection become the issue for determination by a court.
CONCLUSION
In light of the above discussion, we dismiss the criminal contempt in the second degree prosecution arising out of the April 22, 1983 incident as being without the jurisdiction of this court. Obviously, the assault in the third degree prosecution stands as an independent charge to be pursued by the People at their discretion.