OPINION OF THE COURT
Thomas V. Mallon, J.
The defendant Dennis Hayden is charged by indictment number 1781-84 with having committed the crime of assault in the first degree (two counts) and criminal contempt in the second degree. By counsel the defendant has moved herein for an order dismissing the indictment upon the ground that the allegations demonstrate that the court does not have jurisdiction of the offense charged. The defendant, however, speaks only to count three of the indictment, the court shall, therefore, consider the motion only with regard to that count.
The gravamen of the defendant’s motion can be reduced to two theories on which it is argued dismissal is warranted:
First, that the People, by proceeding to indict the defendant on two counts of assault in the first degree have made an election to proceed against the defendant by way of criminal prosecution and are, therefore, estopped from proceeding against defendant for contempt.
Second, that the prosecution for criminal contempt in the *445 second degree is a violation of the defendant’s due process rights.
With regard to defendant’s first argument, it would appear that an undue reliance upon the case of People v Mosley (121 Misc 2d 4) by the defendant is the Achilles’ heel of his motion. Although defendant cites this case elsewhere in his papers, it would appear that defendant was guided by that case in framing his argument at paragraph 5 of his affirmation in support. People v Mosley (supra, p 6 [which is a decision out of the City Court of Syracuse and not binding on this court]) states, "Mrs. Mosley could have filed a violation of order of protection pursuant to section 846 of the Family Court Act. Had she chosen this option, a hearing to determine the willfulness of defendant’s alleged violation would have ensued with a jail sentence of six months being a potential result. Mrs. Mosley might instead have elected to file a new petition in Family Court pursuant to section 821 of the Family Court Act alleging assaultive conduct. In the instant case, Mrs. Mosley sought the third remaining course of action; she commenced a proceeding in criminal court.” The defendant argues here that these are the three courses of action available to the People with the exception that defendant further limits the third alternative in that he states at paragraph 5, line 11 that "3) resort to the Criminal Courts to prosecute for the assault”; in Mosley (supra) the third option only refers to commencing a proceeding in the criminal court without limiting itself as to what charge.
The defendant’s argument is unpersuasive for the following reason: just as Mrs. Mosley (contrary to the court’s holding in People v Mosley, supra) did not have an election of remedies in that criminal matter, in this case Jean Hayden and Jennifer Oellrich, the parties named in the order of protection, did not elect to commence a criminal action and are not bringing the instant charges, the People of the State of New York are. The People here did not make any election of remedies; the People (via the office of the District Attorney) chose to charge this defendant with a violation of Penal Law § 215.50.
The jurisdiction of this court over alleged violations of the Penal Law brought before it by way of indictment is firmly established (CPL 10.20; see also, People v Henries, 136 Misc 224) and not disputed here. What is in dispute is whether the acts complained of in count three of the instant indictment are properly before this court as a violation of the Penal Law (Penal Law § 215.50).
*446 "A person who commits any of the acts thus defined as a criminal contempt is guilty of a class A misdemeanor.
"All the contempts included in the Judiciary Law provision relating to criminal contempt of court are included in the Penal Law provision.
"A particular act of misconduct may at one and the same time constitute a crime as well as a contempt of court.” (22 Carmody-Wait 2d, NY Prac § 140:9.)
There is a clear distinction, however, between a charge of criminal contempt, brought pursuant to the Judiciary Law in which the court against which the contemptuous behavior was perpetrated would have exclusive jurisdiction and a charge of criminal contempt brought as a violation of the Penal Law and with which we are here concerned (see, People v Fairbairn, 24 AD2d 779). The contempt provisions of the Judiciary Law and those of the Penal Law must be read together. "So read, the purpose is clear that an act is not the less punishable as a crime because it is also declared to be punishable as a contempt of court” (People ex rel. Frank v McCann, 253 NY 221, 224). The motion to dismiss count three must, therefore, fail.
The defendant’s second argument, that the prosecution for criminal contempt in the second degree is a violation of his due process rights, is without merit. It is argued that defendant, while a respondent in a Family Court proceeding, was advised that a willful failure to obey could result in a jail sentence not to exceed six months, while a violation of Penal Law § 215.50 carries a jail sentence of up to one year.
This apparent disparity has been dealt with statutorily; Penal Law § 215.54 and Judiciary Law § 776 each hold that a person adjudicated and punished for contempt under the Judiciary Law may, notwithstanding that fact, be indicted or otherwise prosecuted for the same misconduct under Penal Law § 215.50, but that upon conviction thereunder the court in the latter proceeding shall take any previous punishment under consideration.
The defendant’s motion is, therefore, denied in all respects.