OPINION OF THE COURT
John A. Carroll, J.
The defendant is charged with criminal contempt in the second degree in violation of Penal Law § 215.50 (3) and moves to dismiss the information on the ground that this court lacks jurisdiction over a criminal contempt prosecution based on an alleged violation of a Family Court order.
For the following reasons, the court is of the opinion that the defendant’s motion must be denied.
Penal Law § 215.50 reads in part as follows:
"A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct * * *
"3. Intentional disobedience or resistance to the lawful process or other mandate of a court” (emphasis added).
Thus, a plain reading of this section leads this court to the conclusion that the phrase "mandate of a court” means the mandate of any court, clearly permitting the use of Penal Law § 215.50 when a Family Court order is violated.
Moreover, while it is axiomatic that as a court of record the Family Court may always punish contempts committed before it (Family Ct Act § 156), these civil and contempt powers are not the only remedies available to punish an alleged con *762 tempt. In this regard, the court notes that Family Court Act § 156 provides that "The provisions of the judiciary law relating to civil and criminal contempts shall apply to the family court in any proceeding in which it has jurisdiction under this act or any other law, and a violation of an order of the family court in any such proceeding which directs a party, person, association, agency, institution, partnership or corporation to do an act or refrain from doing an act shall be punishable under such provisions of the judiciary law, unless a specific punishment or other remedy for such violation is provided in this act or any other law” (emphasis added).
In light of the above-cited section, it is apparent that a criminal prosecution under Penal Law § 215.50 (3) is a viable, alternative course of action within the statutory framework. Accordingly, this court is of the opinion that the defendant’s motion must be denied.
Finally, the court has considered the case of People v Mosley (121 Misc 2d 4), cited by the defendant in support of his motion and respectfully declines to follow the court’s holding in that case.
Accordingly, this matter is set down for trial on October 15, 1985, at 9:30 a.m., at the First District Court, Hauppauge, New York.