OPINION OF THE COURT
Edward A. Baker, J.
The defendant moves, pursuant to CPL 210.20 (1) (e) and (h), to dismiss the fourth count of the captioned indictment. In support, he presses two grounds. First, the defendant contends that this court lacks jurisdiction over that charge of criminal *350 contempt in the second degree. Next, he maintains that trial of this count would constitute double jeopardy in any event.
The court has extensively examined all relevant Federal and State constitutional provisions, sections of the Penal Law, Judiciary Law, Criminal Procedure Law and Family Court Act, and case law. Upon that review, it is not convinced that dismissal is warranted on either ground urged by the defense. However, for the reasons set forth below, count four of the indictment is dismissed in the interest of justice. (CPL 210.20 [1] [i].)
The records of this court and certain Family Court documents recently produced via a so-ordered subpoena reflect that on September 1, 1986, the police responded to a domestic disturbance during which the defendant allegedly harassed his estranged wife and, in doing so, also violated a Family Court order of protection. The defendant then allegedly assaulted two police officers and resisted arrest. On September 3, 1986, Mrs. McGraw. filed a violation of order of protection petition in the Family Court, based upon the defendant’s alleged harassment of her. That petition was settled — on the same date and the parties’ consent, absent any admission, retraction or affirmative finding of those allegations — with the continuation of the order of protection as modified.
Meanwhile, the People filed charges against the defendant for the police assaults and resisting arrest. Approximately seven months later, the Grand Jury voted to accuse the defendant of those crimes, as alleged in the first three counts of the indictment. It also chose to indict him for criminal contempt, as charged in the fourth count.
Under Penal Law § 215.50 (3), a person is guilty of criminal contempt in the second degree when he intentionally disobeys a court mandate. Clearly, the defendant’s alleged violation of the Family Court order of protection could, ordinarily, be prosecuted as such in this court. (People v Hayden, 129 Misc 2d 444, 444-446 [Suffolk County Ct 1985], 128 AD2d 726 [2d Dept 1987]; People v Feist, 129 Misc 2d 761, 762 [Dist Ct, Suffolk County 1985].) The issue presented here is whether the same is precluded by the prior Family Court proceedings.
At the outset, notice must be taken of pertinent statutory language. In essence, CPL 530.11 (l)-(2) mirrors Family Court Act § 812 (l)-(2). Subdivision (1) vests in the Family and Criminal Courts "concurrent jurisdiction, over any proceeding concerning acts which would constitute” designated offenses *351 between persons of specified relations. Subdivision (2) (a)-(e) requires that those bringing "family offense proceedings” be informed that: this concurrent jurisdiction "with respect to family offenses” exists; "a family court proceeding is a civil proceeding and is for the purpose of attempting to stop the violence, end the family disruption and obtain protection”; “a proceeding in the criminal courts is for the purpose of prosecution of the offender”; "a proceeding or action subject to the provisions of this section is initiated at the time of the filing of an accusatory instrument or family court petition”; and, that the final choice of forum after the filing of either bars "any subsequent proceeding in an alternative court based on the same offense.” CPL 530.11 (4) mandates that the criminal court clerk "notify the family court in which a family offense proceeding is pending that an accusatory instrument has been filed alleging the same act alleged in the family court petition.”
Family Court Act § 821 (1) prescribes the content of a family offense petition, including allegations of an act described in terms of the offenses delineated in section 812 (1) and that there has been no final resort to a criminal court "with respect to the same act.” CPL 100.07 substantively parrots Family Court Act § 821 (3). Both prohibit the commencement of a criminal action "charging a defendant with an offense within the concurrent jurisdiction of the family court, as enumerated in section eight hundred twelve of the family court act” if the "criminal transaction giving rise to the criminal court charge is or was the subject of a proceeding commenced under article eight of the family court act” and said election has become final.
Under Family Court Act §§ 841 and 842, that court is empowered to issue an order of protection in a family offense proceeding. Pursuant to sections 846 and 846-a, a petition may be brought before the Family Court alleging a violation of that order and a finding of such willful disobedience can result in, among other things, modification of the existing order and a six-month jail term. Section 847 provides that a "family offense as defined in section eight hundred twelve * * * which occurs subsequent to the issuance of an order of protection * * * shall be deemed a new offense for which the petitioner may elect to file a violation of order of protection petition, or a new petition or initiate a proceeding in a criminal court.” Finally, pursuant to Penal Law § 215.54, "[adjudication for criminal contempt under subdivision A of section seven hun *352 dred fifty of the judiciary law shall not bar a prosecution for the crime of criminal contempt under section 215.50 based upon the same conduct but, upon conviction thereunder, the court, in sentencing the defendant shall take the previous punishment into consideration.”
Certainly, the inclusion of terms such as "concurrent jurisdiction over any proceeding concerning acts which would constitute,” "same act,” and ”criminal transaction giving rise to the criminal court charge is or was the subject of a proceeding commenced under article eight of the family court act” (emphasis added) in the sections quoted above, invites a broad interpretation divesting this court of jurisdiction over the subject count. However, the particular enumeration of the offenses addressed, to which repeated reference is made, and phrases such as '[family offense proceedings,” "family offenses,” and "any subsequent proceeding * * * based on the same offense” (emphasis added), are a part of those same laws. And, construed together, they present a statutory scheme predicated upon specifically delineated "family offenses.” (See, Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part I, Family Ct Act § 812, at 133-134.)
Harassment, as between the defendant and his wife, is one of those offenses. Undoubtedly then, her final resort to the Family Court rendered such a charge untenable in this court and, in fact, none has been filed. Criminal contempt in the second degree, on the other hand, is not a designated family offense and, therefore, the election provisions are inapplicable to that crime. Indeed, Mrs. McGraw "did not elect to commence a criminal action and [is] not bringing the instant charges, the People of the State of New York are”, and they "did not make any election of remedies”; they "chose to charge this defendant with a violation of Penal Law § 215.50.” (People v Hayden, supra, 129 Misc 2d, at 445.) Hence, this court’s jurisdiction over that count remains intact.
The defendant’s double jeopardy claim is equally unpersuasive. Suffice it to say that the Family Court proceedings neither amounted to a prosecution nor placed him in jeopardy for the same act or offense at bar. They were civil in nature and did not result in a hearing, adjudication or penalty on the allegations in the petition. (See, in addition to the statutes cited herein: CPL 1.20 [1]; 40.10, 40.20, 40.30; People v Columbo, 31 NY2d 947, 947-949 [1972]; and Besharov, op. cit., at 135-136.)
*353 Nonetheless, the foregoing circumstances compel dismissal of the contested count in the furtherance of justice. Due consideration has been given to the factors set out in CPL 210.40 (1) as applied to the facts of this case. Most significant in that analysis is that when the defendant was returned to the court whose order he allegedly violated, it effectively resolved the matter on the parties’ consent and opted to forego holding him in contempt. Accordingly, count four of the indictment is dismissed. (CPL 210.20 [1] [i]; 210.40 [1], [3].)