■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN HALPER, Appellant. [619 NYS2d 308] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 27, 1992, convicting him of criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A temporary order of protection, dated February 5, 1991, and effective until March 6, 1991, was issued by the Criminal Court, Kings County, pursuant to CPL 530.13 ordering the defendant to "[s]tay away from the home, school, business or place of employment" of the complainant and to "[r]efrain from harassing, intimidating, threatening or otherwise interfering" with the complainant. The evidence at trial estab-

lished that on February 28, 1991, while the complainant was working in his father's pizzeria, the defendant threw a brick at the window of the pizzeria. Thereafter, the complainant exited the pizzeria to mail a letter and walked approximately 100 feet from the pizzeria. At that time, the defendant threw a brick at the complainant and threatened to kill him. The defendant then drove his car at a speed of approximately 50 miles per hour into the complainant, striking him and carrying his body approximately 15 feet, until the car was stopped by a wall.

The defendant contends that the court which issued the temporary order of protection has exclusive jurisdiction regarding his violation of the order and that he could not be prosecuted under Penal Law § 215.50 for criminal contempt in the second degree. The defendant's contentions are unpreserved for appellate review (see, CPL 470.05 [2]), and in any event, are without merit. Penal Law § 215.50 (3) provides that a person is guilty of criminal contempt in the second degree when he engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court". Given its plain meaning, "other mandate of a court" includes a temporary order of protection (see, People v Jhon, 150 Misc 2d 842, 846 ["mandate of a court" means mandate of any court]; People v Feist, 129 Misc 2d 761; see also, People v Hayden, 128 AD2d 726; People v McGraw, 138 Misc 2d 349). Thus, the defendant was properly charged with violation of Penal Law § 215.50. Further, contrary to the defendant's contentions, the court which issued the temporary order of protection does not have exclusive jurisdiction regarding violation of that order (see, CPL 530.13; People v Hayden, supra; People v McGraw, supra).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant consented, on the record, to his attorney's associate substituting for his attorney during jury deliberations through the verdict. In any event, the defendant's contentions that the substitution effectively deprived him of his right to have his attorney present at all material stages of the

trial and deprived him of his right to the effective assistance of counsel are without merit *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.