OPINION OF THE COURT
John T. Hecht, J.
Defendant Adam Jakubowski is charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]) based on Roksana Medynska’s allegation that on June 2, 2013, at approximately 7:00 p.m., at a location in Brooklyn, defendant
“made eye contact with [her], did gesture with the defendant’s finger across the defendant’s neck in a throat-slashing manner, and did take photographs of [her] in violation of a full stay-away order of protection that had issued in Family Court on February 25, 2013 and was effective until February 24, 2015, and, according to the accusatory instrument, ‘was personally served onto [sic] the defendant by’ the complainant.”
Defendant served and filed this motion pursuant to Criminal Procedure Law § 170.35 for an order dismissing this prosecution for facial insufficiency.
Defendant argues that he did not have knowledge of the order of protection because it was improperly served on him.* Specifically, defendant argues that inasmuch as the Family Court Act does not provide for a party to serve an order of protection (see Family Ct Act § 153-b), the personal service of the order that was allegedly made by complainant was ineffective and that defendant did not therefore have knowledge of the order, as required by the contempt statute. Defendant further argues that the alleged throat-slashing gesture did not amount to a threat of harm under Penal Law § 240.26 (1). For the reasons that follow, the motion is denied.
*343 To be facially sufficient, an information must state “facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]; 100.40 [1] [a]; see People v Allen, 92 NY2d 378 [1998]). Its “[n]on-hearsay allegations [must] ... establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.15 [3]; 100.40 [1] [c]). People v Casey advises that “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
In the Family Court context, actual notice of an order of protection, rather than proper service, is a predicate for contempt (see Graham v Graham, 152 AD2d 653, 654-655 [2d Dept 1989]). Similarly, in the criminal context, “[i]t is well settled that criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and he willfully disobeys it” (Matter of Holtzman v Beatty, 97 AD2d 79, 82 [2d Dept 1983] [emphasis added]).
Defendant’s argument that “knowledge” of a court order can derive only from proper service of the order is unsupported by either authority or language. Even if the complainant in this case may not have properly served defendant with the order of protection, the allegations of the accusatory instrument establish that defendant knew the order’s contents because he had been personally served. While there may be policy reasons why a party should not serve another party with an order of protection, those reasons do not also require that a criminal contempt proceeding be dismissed because of improper service of the underlying order. When a defendant knows the contents of a court order and intentionally disobeys it, the contempt statute, which vindicates the authority of the court, is violated, even if the manner of service of the order was not specifically permitted.
Finally, the complaint alleges that defendant gestured with his finger across his throat to simulate throat-slashing so as to cause complainant to fear imminent physical harm. These allegations plead all the elements of Penal Law § 240.26 (1), specifically, that defendant threatened to harm complainant (People v Bartkow, 96 NY2d 770, 772 [2001]; People v Batista, 88 AD3d 545 [1st Dept 2011]; Matter of Czop v Czop, 21 AD3d 958, 959 [2d Dept 2005] [evidence of genuine threat of physical *344 harm backed by the ability to carry it out is sufficient to prove harassment in the second degree]).
For these reasons, defendant’s motion to dismiss for facial insufficiency is denied.

 Defendant also argues that the accusatory instrument fails to allege that he had knowledge of the order because an affidavit of service completed by a third party and filed in this matter indicates that the third party served the order on defendant on a date that predates the order’s issuance. But the information’s allegation that the complainant herself personally served the order of protection renders this argument moot.