The People of the State of New York, Respondent,
against
Adam Jakubowski, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered November 12, 2013. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal from the judgment brings up for review an order of the same court dated November 12, 2013 (op 42 Misc 3d 341) denying defendant's motion to dismiss the accusatory instrument for facial insufficiency.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]). The accusatory instrument alleged, among other things, that, on or about June 2, 2013, defendant violated an order of protection issued by Judge Richard Ross in Family Court on February 25, 2013, which was in effect until February 24, 2015. Insofar as relevant to this appeal, the accusatory instrument alleged that the complainant's basis for believing that defendant had knowledge of the order of protection was that she had personally served it on him. Defendant moved to dismiss the accusatory instrument for facial insufficiency, arguing, among other things, that personal service of an order of protection by a party to a Family Court action is not permitted under Family Court Act § 153-b. The People opposed the motion, contending that personal service was not undertaken by the complainant. The Criminal Court, in an order dated November 12, 2013 (op 42 Misc 3d 341), denied the motion, finding, among other things, that actual notice of an order of protection, rather than proper service, is a predicate for contempt and, therefore, when a defendant knows the contents of a court order and intentionally disobeys it, the contempt statute is violated even if the manner of service of the order was not specifically permitted. After waiving prosecution by information, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20), an uncharged offense, in satisfaction of the accusatory instrument.
At the outset, we note that as defendant's objection to the facial sufficiency of the accusatory instrument raises a jurisdictional issue, it was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]). Since defendant, through his counsel, expressly waived his right to be prosecuted by information as part of the plea agreement, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). A complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (CPL 100.40 [4] [b]; see People v Dumas, 68 NY2d 729, 731 [1986]).
Pursuant to Penal Law § 215.50 (3), a person is guilty of criminal contempt in the second degree when he engages in the conduct of "[i]ntentional disobedience or resistance to the lawful [*2]process or other mandate of a court." An order of protection is a mandate of the court (see People v Halper, 209 AD2d 637 [1994]). The essential elements of the crime of criminal contempt in the second degree, as charged herein, are that a lawful order of the court was in effect, that the defendant had knowledge of the order of protection, and that the defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party (see Matter of McCormick, 59 NY2d at 583; People ex rel. Stearns v Marr, 181 NY 463 [1905]; Graham v Graham, 152 AD2d 653 [1989]; Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers, 42 AD2d 422 [1973]; Shakun v Shakun, 11 AD2d 724 [1960]). Moreover, a party can be found to have had actual knowledge of a court's order, or other mandate, even though it was imperfectly or irregularly served (see Marr, 181 NY at 470).
Here, as related to the criminal contempt charge, the accusatory instrument alleged the following: "[D]efendant was in violation of a 2/25/2013 order of protection, issued by Judge Richard Ross in Family Court under Docket Number O-01697-13 in effect until 2/24/2015, and ordering the defendant to stay away from the informant and to refrain from assaulting, harassing, menacing, intimidating, or threatening the informant. . . . [The] basis for believing that defendant had knowledge of the above-described order of protection is as follows: That order was personally served onto the defendant by the informant." Although the accusatory instrument does not set forth the date of the alleged personal service upon defendant, giving the accusatory instrument a "fair and not overly restrictive or technical reading" (People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d 354, 360 [2000]), we find that the clear implication is that the informant had personally served the order of protection upon defendant prior to the time that defendant had allegedly violated it and, thus, that defendant had actual knowledge of the order prior to that time. Consequently, we find that the count of the accusatory instrument charging defendant with criminal contempt in the second degree was facially sufficient as it alleged facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provided reasonable cause to believe that defendant had committed this offense (see CPL 100.40 [4] [b]; Dumas, 68 NY2d at 731). Any challenge to the allegations contained in the accusatory instrument "was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that [the accusatory instrument] was jurisdictionally defective" (Casey, 95 NY2d at 360).
Since "[e]ach count in a multicount instrument may be considered independently for purposes of pleading sufficiency" (People v Chan, 36 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), and, here, the allegations in the accusatory instrument satisfied the pleading requirements of a misdemeanor complaint as to the count of criminal contempt in the second degree, we need not pass on whether the allegations in the accusatory instrument also satisfied the pleading requirements as to the count of harassment in the second degree in order to support defendant's guilty plea to the uncharged offense of disorderly conduct.
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., and Elliot, J., concur.
Weston, J., dissents in a separate memorandum.
Weston, J., dissents and votes to reverse the judgment of conviction and dismiss the misdemeanor complaint in the following memorandum:
I am in agreement with defendant's contention that the misdemeanor complaint is facially insufficient as to both the criminal contempt charge and the harassment in the second degree charge.[FN1]
Accordingly, I vote to reverse the judgment of conviction and dismiss the misdemeanor [*3]complaint.

As the majority correctly notes, a misdemeanor complaint is facially sufficient as long as it states "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see 100.40 [4] [a]), and provides "reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]). "[T]he test for facial sufficiency is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' " (People v Aragon, 28 NY3d 125, 128 [2016], quoting People v Dreyden, 15 NY3d 100, 103 [2010]). In this case, the misdemeanor complaint failed to supply such notice as to both charges.

As to the criminal contempt charge, the allegations in the complaint fail to raise an inference that defendant was aware of the order of protection and its contents before he violated it. Although the complaint alleges that the complainant personally served defendant with an order of protection, the complaint does not indicate when it was served. Moreover, the affidavit of service indicates that the order of protection was served on February 7, 2013, before the order was even issued. Since defendant cannot be deemed to have notice of an order before it was issued, the complaint fails to allege sufficiently the element of knowledge (compare People v Inserra, 4 NY3d 30, 33 [2004] [the defendant's name on signature line of order of protection "enables us to infer that he was aware of its contents"]; People v Tumminello, 53 Misc 3d 34 [App Term, 2d Dept, 9th & 10th Jud Dists 2016] [despite discrepancy between accusatory instrument and supporting deposition as to the date the defendant was served with order of protection, it could be inferred that the defendant had knowledge of the order of protection before she violated it based on the allegation that she had been personally served with it by the Nassau County Sheriff's Department on the same day it was issued]).

The complaint charging defendant with harassment in the second degree is also facially insufficient, since it fails to allege that defendant genuinely and immediately threatened physical contact. As relevant here, a person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm, he or she threatens physical contact (see CPL 240.26 [1]). To withstand a challenge based on facial insufficiency, a misdemeanor complaint must allege facts from which it can be inferred that the defendant genuinely and immediately threatened physical contact to the complainant (see People v Moreno, 47 Misc 3d 138[A], 2015 NY Slip Op 50587[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also People v Dietze, 75 NY2d 47, 51-53 [1989]). Here, the allegations that defendant made a throat slashing gesture and took pictures of the complainant are insufficient to withstand such a challenge (see People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [dismissing harassment in the second degree for facial insufficiency, where the defendant's threats to shoot the complainant were not accompanied by additional words or acts]).

Accordingly, I vote to reverse the judgment of conviction and dismiss the misdemeanor complaint.

Decision Date: April 07, 2017



Footnotes

Footnote 1: On appeal, the People do not take issue with defendant's contention with respect to the criminal contempt charge and, instead, focus only on the facial sufficiency of the harassment in the second degree count.~~