THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v EDMOND FALZONE, Defendant.

Criminal Court of the City of New York, Kings County, January 26, 1989

### APPEARANCES OF COUNSEL

*Stanley Lafazan* for defendant. *Elizabeth Holtzman, District Attorney (D. Willas Miller* of counsel), for plaintiff.

### OPINION OF THE COURT

JOSEPH S. SILVERMAN, J.

The defendant is charged with the crimes of assault in the third degree and criminal possession of a weapon in the fourth degree. He moves to dismiss these charges pursuant to CPL 530.11 (2) (e) on the ground that the court lacks jurisdiction because the complainant wife initiated an action originally in Family Court involving the same incident.

The information herein charges that on May 14, 1988 at approximately 8:00 P.M. at Fifth Avenue and 68th Street in the County of Kings the defendant did strike his wife, Alice Falzone, with a metal pipe causing her to suffer physical injury.

While the incident is alleged to have occurred on May 14 the complainant did not swear out the criminal complaint until May 25, when the defendant was arrested. The defendant was arraigned on the felony charge of assault in the second degree and criminal possession of a weapon in the fourth degree. The felonious assault was reduced to assault in the third degree on July 6.

Prior to the filing of the criminal charges in Criminal Court, on May 14, 1988 the complainant filed a petition in Family Court complaining that the defendant did assault and threaten her on May 14, 1988 at 7:00 P.M. at 23rd Street and Fourth Avenue in Kings County. This action in Family Court was terminated on June 15 because the complainant failed to appear.

The gravamen of the defendant's motion to dismiss is that the filing of the petition in Family Court on May 14 constituted a final choice of forum by the complainant and bars any subsequent proceeding in Criminal Court based on the same offense.

In their answer to the defense motion the People concede that the petition in Family Court filed prior to the within criminal action was based upon the same incident as the pending information herein. It is their position, however, that before this court dismisses the action as being barred pursuant to CPL 530.11 it must be established that the complaint was advised prior to filing the petition in Family Court that this choice of forum would estop her from proceeding in Criminal Court. The People request a hearing be held by this court to determine whether the complainant was advised of her rights to proceed either in Family Court or Criminal Court, but not both, and further that her election to proceed in the Family Court would bar her from seeking prosecution in the Criminal Court.

CPL 530.11 provides concurrent jurisdiction to the Criminal Court and Family Court regarding any criminal acts committed by one spouse against another spouse. This section allows the victim of such acts the right of election to proceed either in Criminal Court "for the purpose of prosecution of the offender" (CPL 530.11 [2] [c]), or in Family Court as a civil proceeding "for the purpose of attempting to stop the violence, end family disruption and obtain protection" (CPL 530.11 [2]

[b]). This legislative scheme is in contrast to what existed prior to the enactment of CPL 530.11 whereby domestic violence cases lingered in limbo between Family Court and Criminal Court for prolonged periods of time before a final determination was made as to where the case should be adjudicated.

The aim of CPL 530.11 is to allow the victim to determine in which court to proceed at the outset of the action and to be aware that that determination would be a final one. The victim may not proceed in both forums and is estopped from commencing a proceeding in the Criminal Court more than three days after a petition is filed in the Family Court. (CPL 530.11 [2] [e].)

It is evident from a reading of the statute that the Legislature intended that before this provision may be invoked and the victim barred from initiating a proceeding in a second forum, she must be advised of the ramifications of her election of forum so that the election be an informed and educated one. (CPL 530.11 [2]; *People v Garcia,* 98 Misc 2d 907.)

The court has examined the Family Court petition which complainant signed on May 14, 1988. Under her signature is the following: "I certify I have been given an explanation with respect to Section 812 of the Family Court Act and 216 of the Judiciary Law with respect to Family Offense and same has been explained to me and I understand my rights thereunder."

Section 812 of the Family Court Act and section 216 of the Judiciary Law mirror CPL 530.11 in setting forth both the options available to victim as to how to proceed and their ramifications.

Additionally, the court has reviewed form 8-1, the advisement, handed out to all petitioners in Family Court before they institute a proceeding and sign a petition. The court is satisfied that the complainant was advised of her rights, and the consequences of an election when she filed a petition in Family Court against the defendant.

While this court agrees with the position of the People that the victim must be fully advised as to her rights of election and the consequences thereof, under the circumstances of this case a hearing as to whether the victim was so advised is not necessary.

To permit the complainant to testify, that she was not advised of her rights would undermine the procedures set up by statute and create the uncertainty that existed under the prior statutory scheme as to in which court a proceeding should be adjudicated.

Therefore, defendant's motion to dismiss is granted.