THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ARTHUR BULIN, Defendant.

District Court of Nassau County, First District, February 27, 1989

### APPEARANCES OF COUNSEL

*Peter J. Moriarity* for defendant. *Denis Dillon, District Attorney (Christine L. Adamowicz* of counsel), for plaintiff.

### OPINION OF THE COURT

MURRAY PUDALOV, J.

The defendant has been arraigned upon a prosecutor's information, filed with the First District Court on August 29, 1988, charging defendant with violating Penal Law § 145.00 (1), criminal mischief in the fourth degree, to wit: at about 4:50 A.M., at 3514 Anchor Place, Oceanside, New York, on May 13, 1988, defendant did kick, punch, pull and slam an Anderson window, causing damage to the window in the amount of $325. Defendant caused damage to the crank and swing mechanism of the window without the permission or authorization of the owner, Susan Schroder.

Susan Schroder, the former wife of defendant and the complainant in the District Court action, had filed a petition on May 18, 1988, with the Nassau County Family Court, prior

to the filing of the prosecutor's information with the First District Court. The petition charged defendant with disorderly conduct based upon the same facts stated in the prosecutor's information.

Defendant contends that the filing of a family offense petition with the Family Court bars the prosecution of the charge of criminal mischief in the fourth degree pursuant to the Family Court Act § 812 (2) (e) because both actions arose out of the same act or transaction.

This action involves a case of first impression. The issue is whether or not a defendant can be prosecuted in the District Court for a criminal offense that arises from the same transaction as the offense charged against the defendant in a petition filed with the Family Court, where the Family Court does not have concurrent jurisdiction over the criminal offense being prosecuted in the District Court.

CPL 530.11 provides that the Family Court and the criminal court shall have concurrent jurisdiction over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault in the second degree, or assault in the third degree on attempted assault between spouses or between parent and child or between members of the same family or household. CPL 100.07 provides that "no criminal action charging a defendant with an offense *within* the concurrent jurisdiction of the family court * * * may be commenced in the criminal courts if" (emphasis added) the criminal transaction giving rise to the criminal charge is a subject of the Family Court proceeding, *and,* the Family Court petition remains undisposed for more than 72 hours after filing with the Family Court.

In the instant case, the defendant has been charged with criminal mischief in the fourth degree. The offense of criminal mischief is not within the Family Court jurisdiction as delineated in Family Court Act § 812, and CPL 530.11. Consequently, the exclusion provision of CPL 100.07 does not apply.

This court finds that a defendant can be subject to both a Family Court proceeding involving the charge of disorderly conduct, and a criminal proceeding involving the charge of criminal mischief. Family offense proceedings are civil in nature, and courts have held that there is no constitutional prohibition against concurrent criminal and civil remedies for the same acts or transactions. *(See, One Lot Emerald Cut*

*Stones v United States,* 409 US 232, 235 [1972]; *Matter of Barnes v Tofany,* 27 NY2d 74, 78 [1970].)

Accordingly, defendant's motion for an order pursuant to CPL 170.30 (1) (f) dismissing the prosecutor's information upon the grounds that there is a legal impediment is denied in its entirety.