OPINION OF THE COURT
Geoffrey O’Connell, J.
The court has considered the following papers: the notice of motion dated June 9, 1989; the affirmation in opposition dated June 19, 1989 and the reply affirmation dated June 30, 1989.
The defendant, by his attorney, applies for an order pursuant to CPL 170.30 (1) (f) or (g) dismissing the information accusing him of aggravated harassment in the second degree on the grounds that there exists a jurisdictional impediment to continued prosecution or, alternatively, in the furtherance of justice.
*790 FACTUAL SETTING
The District Court information, sworn to on May 9, 1989, alleges that the defendant violated Penal Law § 240.30 (1) in that over a period of 14 months up to April 29, 1989, he telephoned his wife numerous times and threatened her while using abusive language to her annoyance and alarm.
Defendant asserts without contradiction that on March 27, 1989 the complainant filed a Family Court petition for violation of an order of protection in which she alleged, inter alia, "During the past three months * * * the Respondent [the defendant herein] has telephoned petitioner five to ten times per day threatening to kill Petitioner, calling Petitioner names, etc.” Then on May 5, 1989, the complainant filed a second Family Court petition for violation of an order of protection in which she alleged, inter alia, "From 4/15/89 until 4/29/89, the Respondent has severely harassed the Petitioner by calling her on a chronic basis and directing profanities”. A hearing was commenced in the Family Court on these petitions on May 8, 1989, and adjourned to June 8, 1989. Court records reflect that this accusatory instrument was filed on May 9, 1989 and the defendant was arraigned that same day. Thereafter, on June 8, 1989, the Family Court proceedings continued, but the Judge dismissed without prejudice to the District Court action those allegations related to telephone calls.
Defendant contends that at no time did the complainant make an election in Family Court to have those complaints prosecuted in a criminal court pursuant to section 812 of the Family Court Act. He argues that this court is therefore lacking in jurisdiction to entertain this matter.
APPLICABLE LAW
Family Court Act § 812 (2) (e) provides that the filing of an "accusatory instrument or family court petition constitutes a final choice of forum after seventy-two hours have elapsed from such filing and bars any subsequent proceeding in an alternative court based on the same offense.” CPL 530.11 (2) (e) is to the same effect.
The People contend that, while the Family and District Court proceedings may have the same subject matter, the former are civil in nature and the latter criminal. There is no prohibition, they contend, to civil and criminal remedies for the same acts or transactions. (People v Bulin, 142 Misc 2d *791 776.) Furthermore, they argue that aggravated harassment as charged in the District Court information is not one of the designated "family offenses” over which Family Courts and criminal courts have concurrent jurisdiction up until a 72-hour election is made. (CPL 530.11 [1].)
That civil and criminal remedies may exist for some wrongs does not address the issue of whether the Legislature intended that they coexist for the crime of aggravated harassment. (See generally, People v Falzone, 142 Misc 2d 337.) More pertinent is the question whether the listing of "family offenses” contained in CPL 530.11 (1) and its mirror provision in the Family Court Act is meant to exclude those offenses not specifically listed. In People v Harris (113 Misc 2d 46, 51-55) the court had to decide whether the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02) came within the purview of CPL 530.11 and Family Court Act §812 although it was not specifically designated in either statute. Reviewing those cases decided under prior law which vested initial jurisdiction in the Family Court (People v Williams, 24 NY2d 274; People v Jones, 59 AD2d 617; People v Wade, 31 AD2d 657), the court held that those nonlisted offenses which endanger not only the complaining family member, but also society-at-large, should not be considered "family offenses”. Significantly, however, it did not hold that the listing in either the CPL or Family Court Act provisions was exclusive. Rather it appeared to conclude that the old test of whether a nonlisted offense was inextricably related by a common element to a listed offense (see, People v Oliver, 75 AD2d 590) continued to have validity with the gloss that the protection of society-at-large must also be considered.
In People v Hasse (57 Misc 2d 59) the court, applying the predecessor statute which vested exclusive original jurisdiction in the Family Court, held that a charge aggravated harassment was within the jurisdiction of the Family Court even though it was not specifically denominated in the statute. That decision has been followed under the present statutory scheme. (People v Singleton, 140 Misc 2d 960 [1988].)
Under the facts presented in the present case, the claimed aggravated harassment is inextricably related to charges brought in Family Court. There being no claim that complainant made a valid election to proceed in this court, choosing *792 instead to attempt to proceed on both fronts, the prior Family Court proceedings deprive this court of jurisdiction. Duplicative proceedings here serve no purpose at a cost in terms of judicial economy.
The motion to dismiss pursuant to CPL 170.30 (1) (f) is granted.