OPINION OF THE COURT
Stanley Gartenstein, J.
We have no choice but to hold herein that a battered spouse, who has validly exercised her* statutory election to prosecute an assault in the criminal courts as opposed to the Family Court, may nevertheless be nonsuited in the court validly elected by virtue of her own subsequent legally inconsistent act. The very nature of this holding again underscores the continuing truism that battered spouses often make uninformed decisions because statutory admonitions which should make clear their alternatives are often not given or given in a perfunctory, unsatisfactory manner.
THE FACTS
Defendant stands charged with the class A misdemeanor of third degree assault (Penal Law, § 120.00). The complainant is his wife. On March 8, 1981, an accusatory *292 instrument was filed in the local criminal court (CPL 1.20, subd 17) (in this instance the Criminal Court of the City of New York, County of New York), alleging that defendant “with intent to cause physical injury to another, caused such physical injury to his wife, Mercedes Perez, by hitting her with a steering wheel lock”; further, that “with intent to cause physical injury defendant also caused physical injury to another, one Jessica Perez, by sticking [sic] her.”
On March 12, 1981, four days after the filing of this accusatory instrument, an ex parte temporary order of protection was obtained in the Family Court of Queens County by petitioner Mercedes Perez against Jose Perez, respondent, pursuant to the Family Court Act. This temporary order of protection was made final on the merits, upon appearance of both parties in the Family Court, on March 27, 1981.
The assaultive conduct of the crime alleged herein falls within the parameters of article 8 of the Family Court Act (§ 812, subd 1), which vests jurisdiction concurrently in both the Family Court and the Criminal Court with respect to any proceeding involving enumerated assaultive acts between spouses. Section 812 further specifies however, that prior to the commencement of the criminal action, certain “designated officials” must give the complainant certain specific statutory admonitions to make known the choice of forums and their ramifications. Finally, the concurrent jurisdiction of the Family Court and Criminal Court is further limited (§812, subd 2) by a provision mandating that “the filing of such accusatory instrument or family court petition constitutes a final choice of forum after seventy-two hours have elapsed from such filing and bars any subsequent proceeding in an alternative court based on the same offense.” (Emphasis supplied.)
As a supplement to the foregoing, section 821 of the Family Court Act delineates the appropriate procedure for vesting jurisdiction in that court, providing that when a petition is originally filed in that court, it must contain a jurisdictional allegation that no accusatory instrument “has been verified and in existence for more than seventy- *293 two hours with respect to the same act alleged in the petition.” (Emphasis supplied.)
Mindful of these provisions, it is clear that complainant Mercedes Perez commenced an action in the Criminal Court within the meaning of the election provisions on March 8,1981, at which time certain admonitions concerning her choice of forums should have been given her. March 12, 1981, which was the date of commencement of Family Court proceedings, was without question subsequent to the 72-hour period (cf. § 821) and, if the procedures enumerated in the enabling statute (§ 821, subds [a]-[d]) had been properly adhered to, the Family Court would have discovered that a verified accusatory instrument had in fact been initially filed in the Criminal Court; that the crucial statutory period of 72 hours had expired; that the complainant had elected her forum irrevocably (in this instance, the Criminal Court).
We must reluctantly conclude: (a) that neither forum administered the admonitions required by statute; or (b) that if administered, they were not comprehended. The Legislature, both in 1977, and again in 1978, enacted amendments to article 8 of the Family Court Act in a good faith effort to remedy the acknowledged pre-existing ineffectiveness of legal sanctions in protecting a battered spouse. (L 1978, chs 628, 629, Memoranda, Criminal Procedure — Family Offenses, 1978 McKinney’s Session Laws of NY, pp 1829, 1937.) It is an unfortunate, frustrating reality that the system remains deficient. Be it the failure of each court’s “designated officials” to instruct the complainant as to the impact of her choice of forum or the fact that when actually administered, the complex admonitions fail to bring home to a frightened lay person who is (a) unversed in the law; and (b) who faces staggering choices as to her future, precisely what her options are, the preexisting ineffectiveness of legal sanctions for domestic violence remains.
In the instant action, although the Family Court proceeding should have been barred because it was com-, menced after the expiration of 72 hours, that court nevertheless assumed jurisdiction and issued a final order of protection on the merits. Faced with a final judgment by a *294 sister court, even where the jurisdiction assumed by that court was apparently based upon a mistake of fact and was therefore nonexistent ab initio, we must find as a matter of law that all prior proceedings merged in that final judgment. (Hellstern v Hellstern, 279 NY 327.)
We therefore regretfully hold that this Criminal Court proceeding must be dismissed without prejudice to renewal at such time as the complainant appears in and actually vacates Family Court proceedings. In short, where a jurisdictional statute provides for a binding election of forums, the law of physics must apply to insure that two mutually exclusive properties not occupy the same space at the same time (cf. CPLR 3211, subd [a], par 4). Faced with a Family Court order valid on its face, we must decline jurisdiction unless and until that order is vacated.
Dismissed without prejudice as above.

 The use of the female pronoun throughout this decision is engendered by the fact that a female is the complainant herein. Recent studies have highlighted the fact that spouse-abuse is by no means confined to situations involving wives.