OPINION OF THE COURT
Zelda Jonas, J.
Defendant’s motion to dismiss the accusatory instrument which charges the defendant with violation of Penal Law § 240.25 (2) (harassment) and § 240.30 (2) (aggravated harassment) on the ground that the complainant elected the Family Court to adjudicate these offenses against defendant is hereby denied.
The court finds that the complainant did not, under the existing law, finally elect either forum to proceed against the defendant herein.
The defendant posits his argument to dismiss the District Court information, the accusatory instrument filed herein, upon the theory that the complainant, the defendant’s sister, elected the Family Court as her final choice of forum to proceed against the defendant for the alleged acts of defendant set forth in the information and her supporting deposition. It is contended that the complainant’s filing of a Family Court petition, which alleges the same acts arising out of the same transactions as set forth in the aforesaid instruments constituted a final choice of forum by her.
Before the court reviews the relevant laws, a brief recital of the chronology of the events of this action and the Family Court proceeding is required.
The complainant commenced this criminal action against the defendant, her brother, on December 31, 1985 at approximately 7:30 p.m. by filing a District Court information charging defendant with the aforesaid offenses. On January 1, 1986, the defendant was arraigned on these charges. On January 2, 1986, at approximately 11:40 A.M., less than 41 hours after initiating the proceeding in this court, the complainant commenced a Family Court proceeding against the defendant by the filing of a family offense petition charging him with disorderly conduct. The Family Court thereafter issued a temporary order of protection against the defendant-respondent. It is undisputed that the proceedings in this court and the Family Court, as set forth in the accusatory instruments, are based upon the same alleged acts and transactions.
The Criminal Courts and the Family Courts are vested with *133 concurrent jurisdiction over any proceeding which would constitute certain enumerated "family offenses”. (CPL 530.11 [1]; Family Ct Act § 812 [1].) These offenses are: disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or between parent and child or between members of the same family household.[1] (CPL 530.11 [1]; Family Ct Act § 812 [1].)
This was not always the case, however. Prior to September 1, 1977, the Family Court was vested with exclusive original jurisdiction over family offense cases with the power to transfer a case to a criminal court under appropriate circumstances. In 1977 the Legislature enacted a bill that withdrew exclusive original jurisdiction from the Family Court and gave concurrent jurisdiction to both the Criminal Courts and Family Courts (L 1977, ch 449).
Under the law as amended, once a choice of court was made by a victim of family violence, he or she was barred from proceeding in the alternate forum. In an effort to ameliorate this situation the Legislature in 1978 amended, inter alia, Family Court Act § 812 and CPL 100.07. It deleted those provisions which barred a subsequent proceeding in an alternate court where a choice of forum had been elected and added provisions which permit a victim to choose an alternate court within a 72-hour period of the original initiation of a proceeding in either court. (See, L 1978, ch 628, §§ 3, 6, 9; ch 629, § 4; Family Ct Act § 812 [2] [e]; CPL 100.07; Family Ct Act § 821 [2], as amended.)
The court has set forth the pertinent parts of the sections of the Family Court Act and the Criminal Procedure Law which provide the choice of forum prescriptions.
Section 812, the jurisdictional provision of the Family Court Act, provides in subdivision (2) (e): "(e) That subject to the provisions of section eight hundred thirteen of this article,[2] the filing of such accusatory instrument or family court peti *134 tion constitutes a final choice of forum after seventy-two hours have elapsed from such filing and bars any subsequent proceeding in an alternative court based on the same offense. However, in the event that a finding by the court on the merits of such complaint or petition occurs before seventy-two hours have elapsed, such finding shall be deemed to constitute a final choice of forum and shall bar any subsequent proceeding in an alternative court based on the same offense” (emphasis added).
Family Court Act § 821 (2) and (3) provide:
"2. No proceeding under this article shall be originated, based upon the same act or transaction which is or was the subject of a criminal accusatory instrument filed in a criminal court which remains undisposed for more than seventy-two hours after filing or which was determined on the merits by the criminal court, whichever occurs first. ” (Emphasis added.)
"3. Except as provided by an order of a family court judge pursuant to section eight hundred thirteen of the family court act no criminal action charging a defendant with an offense within the concurrent jurisdiction of the family court as enumerated by section eight hundred twelve of the family court act, may be commenced in the criminal court if:
"(a) the criminal transaction giving rise to the criminal court charge is or was the subject of a proceeding commenced under article eight of the family court act; and
"(b) the family court petition remains undisposed for more than seventy-two hours after filing in the family court or after a finding by the family court on the merits of the petition, whichever occurs first. ” (Emphasis added.)
CPL 100.07 provides:
"Except as provided by an order of a family court judge pursuant to section eight hundred thirteen of the family court act, no criminal action charging a defendant with an offense within the concurrent jurisdiction of the family court, as enumerated in section eight hundred twelve of the family court act, may be commenced in the criminal courts if:
"1. The criminal transaction giving rise to the criminal court charge is or was the subject of a proceeding commenced under article eight of the family court act; and
"2. The family court petition remains undisposed for more than seventy-two hours after filing in the family court or after a finding by the family court on the merits of such petition, whichever occurs first. ” (Emphasis added.)
*135 CPL 530.11 (2) (e) provides: "(e) That subject to the provisions of section eight hundred thirteen of the family court act, the filing of such accusatory instrument or family court petition constitutes a final choice of forum after seventy-two hours have elapsed from such filing and bars any subsequent proceeding in an alternative court based on the same offense. However, in the event that a finding by the court on the merits of such a complaint or petition occurs before seventy-two hours have elapsed, such finding shall be deemed to constitute a final choice of forum and shall bar any subsequent proceeding in an alternative court based on the same offense” (emphasis added).
The aforesaid sections bar only the commencement of a subsequent action in an alternative forum after 72 hours have elapsed from the initiation of a proceeding in either forum. The statutes are silent with respect to proceedings in alternate courts within the 72-hour period.
At the time the complainant-petitioner commenced the instant proceeding no Family Court petition based upon the same acts and transactions as alleged in the accusatory instrument filed herein remained undisposed for more than 72 hours, nor had the alternate court made a determination on the merits. Indeed, the aforementioned Family Court petition had not as yet been filed when this proceeding was commenced. Thus, defendant’s argument that the complainant-petitioner finally elected the Family Court as her forum to adjudicate the offenses charged in the District Court information must fall.
Although this court is not called upon to determine whether or not the complainant-petitioner was barred from initiating the Family Court proceeding, the court nonetheless feels constrained to note that the proceeding in the Family Court was not barred. At the time the complainant-petitioner filed the family offense petition in the alternate court, the matter in this court had not remained undisposed for more than 72 hours nor had this court made a finding on the merits.
Therefore, both proceedings are maintainable under the Criminal Procedure Law and the Family Court Act.[3] In addi *136 tion, the complainant-petitioner would have had no statutory right to terminate this criminal proceeding, since she is not a party to the action. Once the District Court information has been filed it is up to the People to decide whether or not to prosecute.
In the instant case the Family Court proceeding was dismissed on March 17, 1986, for petitioner’s failure to appear. The temporary order of protection was vacated. The dismissal was not on the merits.
Based upon the foregoing the court does not find under the prevailing law today an election of forum statutory impediment to the prosecution of the defendant in this court.
Accordingly, defendant’s motion is hereby denied in its entirety.

. The charge against the defendant for aggravated harassment is not one of the enumerated family offenses. This point was not raised by defendant, although it was discussed in the People’s memorandum of law submitted in opposition. In light of the court’s holding the court did not address this issue.

. Family Court Act § 813 permits the Family Court, with the consent of the petitioner, to order that a proceeding commenced in the Family Court be prosecuted as a criminal action in an appropriate criminal court if the court determines that the interests of justice so require.

. For a comprehensive review of the legislative history of the choice of forum laws regarding family offenses and discussion of the apparent loopholes in the present statutory scheme, see, Note, Jurisdiction Over Family Offenses in New York: A Reconsideration of the Provisions for Choice of Forum, 31 Syracuse L Rev 601, 614-619 (1980).