OPINION OF THE COURT
Luther V. Dye, J.
The defendant herein moves to dismiss the accusatory instrument which charges him with violations of Penal Law § 120.00, assault in the third degree, and section 240.25, harassment. The defendant contends that an irrevocable election was made by the complainant, to adjudicate these offenses in Family Court. The complainant, Annis Williams, is the wife of the defendant.
The factual background is as follows;
On February 6, 1989, the complainant filed a Family Court *448 petition, pursuant to Family Court Act article 8, in the Family Court, Queens County, docket number 0-1005/89. This Family Court petition alleged certain acts of assault which allegedly occurred on February 5, 1989. Subsequently, the complainant sought additional relief and notified the police department and the defendant was arrested on February 6, 1989. On February 7, 1989 the defendant was arraigned on the instant docket, in Queens County Criminal Court. The facts underlying the Criminal Court complaint concern the same alleged acts of assault as those in the Family Court petition.
The Family Court petition was dismissed on February 21, 1989 due to the nonappearance of either party. The Criminal Court action has been pending and was set for trial, at which point this motion was filed by the defendant.
Article 8 of the Family Court Act vests concurrent jurisdiction in both the Family Court and the Criminal Court over proceedings which constitute certain enumerated family offenses. These offenses are: disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or between parent and child or between members of the same family or household. (CPL 530.11 [1]; Family Ct Act §812 [1].)
The court notes that prior to the commencement of an action in either forum, the complainant must be notified of his or her right to elect either the Family Court or the Criminal Court as the forum in which to proceed, and the possible consequences and ramifications with respect to each. For instance, the victim should be made aware that a Family Court proceeding is a civil proceeding and attempts to end family disruption, and offers services for counseling and conciliation. On the other hand, a proceeding in the Criminal Court is for the purpose of prosecution and can result in a criminal conviction. (CPL 530.11 [2]; Family Ct Act § 812 [2].)
The court notes that the present system of advising complainants does not always make for an informed and intelligent choice on the part of victims of domestic violence. An examination of the Family Court petition shows a certification signed by the petitioner, Mrs. Williams, that she was given an explanation of her rights pursuant to Family Court Act § 812. Accordingly, for the purposes of determining this motion, the court will assume that the required notice was given.
A review of the relevant statutes setting forth the exercise of concurrent jurisdiction follows:
*449 Pursuant to section 812 (2) (e) of the Family Court Act, the filing of an accusatory instrument or a Family Court petition constitutes a final choice of forum after 72 hours have elapsed from the filing and bars any subsequent proceeding in an alternative court based on the same offense.
Family Court Act § 821 (3) provides that "no criminal action charging a defendant with an offense within the concurrent jurisdiction of the family court as enumerated by section [812] * * * may be commenced in the criminal court if:
"(a) the criminal transaction giving rise to the criminal court charge is or was the subject of a proceeding commenced under article eight of the family court act; and
"(b) the family court petition remains undisposed for more than seventy-two hours after filing in the family court or after a finding by the family court on the merits of the petition, whichever occurs first.” (Emphasis added.)
CPL 100.07 parallels section 821 of the Family Court Act and prohibits the commencement of a criminal action charging a family offense if a Family Court petition involving the same criminal transaction remained pending in Family Court for more than 72 hours.
A proceeding or action is commenced at the time of the filing of an accusatory instrument or Family Court petition, not at the time of arrest. The filing of either one constitutes a final choice of forum after 72 hours have elapsed from filing, and bars any subsequent proceeding in an alternative court based upon the same offense. (CPL 530.11 [2] [d], [e].)
The purpose of the aforementioned legislation is to give the victim of domestic violence a three-day period allowing for reflection and change of mind. Prior to amendment in 1978, Family Court Act § 812 and CPL 100.07 barred a subsequent proceeding in an alternate court and the victim’s choice of forum was irrevocable. Presently, the choice of forums becomes binding and irrevocable 72 hours after filing.
The relevant statutes bar the commencement of a subsequent action in an alternative forum after 72 hours have elapsed from the initiation of proceedings in either forum. It is clear to this court that when the accusatory instrument was filed on February 7, 1989, the Family Court petition had not been pending for more than 72 hours, nor had the Family Court made a determination on the merits. If the second proceeding (the criminal action) had been commenced after 72 *450 hours from February 6, 1989, it would have been barred and the choice of Family Court would be irrevocable (see, People v Perez, 109 Misc 2d 291 [Crim Ct, NY County 1981]; People v Singleton, 140 Misc 2d 960 [Crim Ct, Bronx County 1988]).
However, at the time of filing of this accusatory instrument, the matter in Family Court had not remained undisposed for more than 72 hours. The statutes are silent with respect to a proceeding commenced in alternate courts within the 72-hour period.
The court concludes that a valid irrevocable choice of forum was made only with respect to the criminal proceeding, as this election was within the 72-hour time period. Mrs. Williams was not barred from initiating the criminal proceeding since she was well within the statutory time constrictions and a finding had not been made on the merits of the Family Court petition, which was ultimately dismissed.
Accordingly, the defendant’s motion for dismissal of the Criminal Court information is denied in its entirety. The matter is to proceed to trial.