OPINION OF THE COURT
Joseph A. DiSalvo, J.
Defendant moves this court for an order, pursuant to CPL 170.30 (1) (f), dismissing the charge of assault in the third *87 degree on the ground that there exists a legal impediment to conviction. For the reasons set forth below, the motion is granted.
BACKGROUND
Complainant Kathie Smith executed a misdemeanor information on December 8, 1990, alleging that her former husband Arthur R. Fisher intentionally caused physical injury to her on December 8, 1990 at 6:10 p.m. in the Village of Hastings-on-Hudson, New York. The information charged Mr. Fisher with a violation of Penal Law § 120.00, assault in the third degree.
On December 10, 1990, Ms. Smith filed a family offense petition in the Family Court of the State of New York, County of Westchester, alleging that respondent Arthur R. Fisher on December 8, 1990 committed acts against her which constituted harassment and assault in the third degree. The specific allegations of the petition concerned the same incident that formed the basis for the misdemeanor information. At petitioner’s request, the Family Court issued a temporary order of protection. In her petition, Ms. Smith also alleged that no accusatory instrument alleging the acts specified in the petition had been filed in any criminal court, although two days earlier she had filed such an accusatory instrument.
Defendant Fisher was arraigned in this court on December 12, 1990 at which time this court (McElroy, J.) issued a temporary order of protection in favor of complainant. Thereafter there occurred numerous requests for adjournments, discussions of a possible disposition, and scheduling of motions —which never were received. Defendant then retained a new attorney who brings the present motion to this court.
From the motion papers herein it appears that petitioner failed to appear in the Family Court on February 13, 1991 and March 1, 1991 and that her petition was dismissed without prejudice on March 1, 1991.
The People contend that Ms. Smith was advised by the Family Court to pursue the matter in a criminal court and that Ms. Smith did so choose. The People submitted copies of letters which Ms. Smith identifies as having been written by her to both the Family Court and this court regarding her decision to proceed in this court. The file of this court has been examined for the original of this letter. There is no such letter in this court’s file. In addition, there is no court order *88 from the Family Court directing that the matter be prosecuted as a criminal action.
The parties do not dispute that the charges in the two courts arise from the same incident. Nor do the parties dispute that the Family Court petition was filed within three days of the commencement of the criminal proceeding before this court. The issue presented is whether the actions of complainant/petitioner Smith constituted an election to proceed in Family Court that deprived this court of its jurisdiction over the previously commenced criminal action.
DISCUSSION
The Criminal Procedure Law and the Family Court Act provide that a complainant or petitioner in regard to designated offenses may elect to proceed in the alternate forum provided that the election is made within three days of the commencement of a proceeding in the first forum (CPL 530.11; Family Ct Act § 812).
As a result, a person complaining of disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or attempted assault by a spouse, parent, child or member of the same family or household may commence a criminal proceeding by filing a complaint and then may elect to proceed in Family Court by filing a petition there. Likewise, that same person may commence a proceeding by filing a petition in Family Court and then choose to file a complaint and proceed in the local criminal court instead (CPL 100.07, 530.11 [2]; Family Ct Act §812 [2]; §821 [2]).
Prior to 1977 the Family Court had exclusive jurisdiction to entertain petitions concerning certain of the above-enumerated offenses. Concurrent jurisdiction in a criminal court was enacted by Laws of 1977 (ch 449). When Governor Carey signed the bill, he stated in his Approval Memorandum (dated July 19, 1977) that the bill would give a victim of the enumerated offenses the "option of proceeding in Family Court or in a criminal court.” (1977 McKinney’s Session Laws of NY, at 2501.) He described the different purposes of each court proceeding and stated that "The choice, once made, will bar a simultaneous or subsequent proceeding in the alternate forum” (ibid.).
The Legislature was concerned with the irrevocability of such a choice and amended the statutes in 1978 to permit a *89 victim to change forum provided the decision to switch was made within 72 hours of the filing in the original forum; the intent of the Legislature was to offer victims a choice between two exclusive alternative forums (see, Note, Jurisdiction Over Family Offenses in New York: A Reconsideration of the Provisions for Choice of Forum, 31 Syracuse L Rev 601, 616-619 [1980]). Certain commentators and courts, discussed below, have concluded that the language of the statutes permits simultaneous proceedings in spite of the intent that the choice be alternative and exclusive. The bases for their conclusions are that the statutory language is imprecise and that there is no specific provision that renders the initial forum’s proceeding terminated once a timely election is made to switch. This court respectfully disagrees with such conclusions. Although the language of the statutes is not perfect, the statutes in fact do proscribe contemporaneous proceedings.
Both the CPL and the Family Court Act provide that, subject to Family Court Act § 813, the filing of an accusatory instrument or Family Court petition in the alternate forum "constitutes a final choice of forum” after three days, exclusive of Saturdays, Sundays and legal holidays, have elapsed (CPL 530.11 [2] [e] [emphasis supplied]; Family Ct Act § 812 [2] [e]).
Significantly, both the Family Court Act and CPL address the consequences of a petitioner/complainant’s final selection of a forum. Family Court Act § 812 (2) (e) provides that once the selection is made, and three days elapse, any person who is a party to such proceeding shall be barred "from bringing a subsequent proceeding in an alternative court based on the same offense” (emphasis supplied). CPL 530.11 (2) (e) reads slightly differently and provides that the selection becomes final after three days and "barfs] any subsequent proceeding in an alternative court based on the same offense” (emphasis supplied).
Despite such differences in wording, this court reads Family Court Act § 812 (2) (e) and CPL 530.11 (2) (e) as being substantially similar and together expressing the legislative intent to prevent simultaneous proceedings. Although Family Court Act § 812 (2) (e) provides that a "party” is prevented from "bringing” a subsequent proceeding, the balance of that section (regarding the effect of a finding on the merits within 72 hours in the original forum) and CPL 530.11 (2) (e) refer to a "bar” of "any subsequent proceeding.” This court does not read "bringing” to be the same as "commencing” but rather more *90 in the nature of "maintaining” or "continuing” an action. Furthermore, the Family Court Act proscription against a "party” bringing a subsequent proceeding is inapposite in the criminal court context. The complainant therein is not a party and thus would not be prevented under Family Court Act § 812 (2) (e) from bringing a Family Court proceeding, although the complainant would be so prevented under Family Court Act § 821 (2). It is likely that the differences in wording are attributable to the context, with "parties” the norm in Family Court proceedings, and are not intended to manifest different standards between the Family Court Act and the CPL.
Thus, the statutes are not silent as to the consequence of dual filing: the first case is barred from proceeding once the second filing has taken place and has remained pending for three days. Family Court Act § 812 (2) (e) and CPL 530.11 (2) (e) do not restrict just the commencement of a proceeding; rather, they bar subsequent proceedings, which this court interprets to include commencement as well as continuation. The CPL language in particular applies to the facts of this case and bars this court proceeding from continuing subsequent to Ms. Smith’s selection of Family Court as the final forum.[1]
The court does not find persuasive the reasoning of People v Kimlingen (132 Misc 2d 131 [Dist Ct, Nassau County 1986]) or People v Williams (146 Misc 2d 447 [Crim Ct, Queens County 1990]) where the courts held criminal proceedings could con *91 tinue because the statutes were silent with respect to proceedings started in both alternative courts within the 72-hour period. This court believes that said cases do not take into sufficient account the language "bars any subsequent proceeding in an alternative court based on the same offense.” (CPL 530.11 [2] [e].)
Furthermore, specific language terminating the first forum’s proceedings is not required in the election of forum statutes, because of the provisions that bar subsequent proceedings. By comparison, Family Court Act § 813 does contain a provision for termination of a Family Court proceeding if a Family Court Judge, with the consent of the petitioner and upon reasonable notice to the District Attorney, orders a case transferred from Family Court to a criminal court when the interests of justice so require.[2] However, a transfer under Family Court Act § 813 would not be in the context of an election between two forums with pending proceedings where subsequent proceedings in the first are specifically barred; therefore, a specific termination clause is appropriate in Family Court Act § 813. Compare also, Family Court Act § 1014 which specifically permits transfer of a child protective proceeding from Family Court to a local criminal court. Family Court Act § 1014 (c) specifically authorizes simultaneous proceedings in alternative forums. No such language appears in Family Court Act article 8, § 813 or § 812 or § 821.
Under the facts of the within action, the Family Court had jurisdiction over petitioner’s complaints because it was the final choice of forum. It could have returned the case to this court under Family Court Act § 813 if the interests of justice so required. But the choice of returning to the original forum, once Ms. Smith elected to go to Family Court, was a choice that specifically belonged to the Family Court with the consent of the petitioner but not to the petitioner alone.
It is significant that petitioner/complainant does not present to this court any Family Court order directing that the *92 offense be prosecuted as a criminal action. Surely, if the Family Court did give the advice upon which petitioner contends she relied, it should have been in the form of an order under Family Court Act § 813. The election statutes are not designed to give complainants the choice and the opportunity to ping-pang between jurisdictions if they simply start both proceedings within three days. Rather, the statutes are designed to give a person having second thoughts a chance to change to a different forum and have the change considered final after three days, subject only to a Family Court order of transfer under Family Court Act § 813.
CONCLUSION
Thus, this court concludes that the Legislature’s intent is expressed and effectuated by the admittedly less than perfectly drafted Family Court Act and CPL election provisions. On that basis, proceedings commenced within three days of each other may not continue simultaneously in both the Family Court and local criminal court. If a choice of forum means anything, it means that the victim must select between one or the other court proceeding and may not maintain both.[3]
Therefore, defendant’s motion is granted. The attorneys are directed to submit an order on notice. The People are directed to communicate with complainant and inform her: that the order of protection issued by this court will remain in effect until this court signs the order granting defendant’s motion; and that, if complainant considers herself in continuing need of an order of protection once this court signs the dismissal order, she should proceed to Family Court at once and request reinstatement of her earlier proceedings and issuance of an order of protection.
*93 If the Family Court decides that the interests of justice require that the matter be prosecuted as a criminal proceeding, then the court may issue an order pursuant to Family Court Act § 813 directing such prosecution. Then and only then would this court have jurisdiction over this proceeding.

. For a discussion of the position that the statutes do not speak to the issue of contemporaneous filings or filings within 72 hours of each other, see Note, Jurisdiction Over Family Offenses in New York: A Reconsideration of the Provisions for Choice of Forum (31 Syracuse L Rev 601, 616-619 [1980]). The author of the Note does recognize that the noncooperation of the complaining witness would effectively terminate the criminal proceeding but argues that there is no automatic termination of a criminal proceeding once the Family Court election becomes final and that the People have the sole decision whether to prosecute. Although there is no "automatic termination” provision in CPL 530.11 (2) (e) or Family Court Act § 812 (2) (e) as there is in Family Court Act § 813, discussed hereinafter, the language of CPL 530.11 (2) (e) and Family Court Act § 812 (2) (e) clearly provides a defendant with ample opportunity to move to dismiss because the proceeding, subsequent as it is to the final choice, is barred. The author of the Note does not discuss a motion to dismiss on such grounds as a means of preventing contemporaneous prosecutions. As unfortunate an expenditure of time as it may be — one that could have been avoided by more clearly drawn statutes — it is a means of effecting the proper result and giving meaning to the concept of choosing between alternative forums.

. Family Court Act § 813 provides, in part:
"1. At any time prior to a finding on the petition the court may, with the consent of the petitioner and upon reasonable notice to the district attorney, who shall have an opportunity to be heard, order that any matter which is the subject of a proceeding commenced pursuant to this article be prosecuted as a criminal action in an appropriate criminal court if the court determines that the interests of justice so require * * *
"3. Upon the commencement of such criminal action the family court proceeding shall be deemed terminated.”

. See People v Perez (109 Misc 2d 291 [Crim Ct, NY County 1981]) in which the Criminal Court declined jurisdiction over an assault, third degree, case because a Family Court proceeding already had reached judgment on the merits. The Family Court proceeding incorrectly was begun by complainant more than 72 hours (the standard then applicable — prior to the current three days exclusive of Saturdays, Sundays and public holidays) after the filing of the accusatory instrument in the Criminal Court. The Criminal Court "regretfully” declined jurisdiction without prejudice to renewal at such time as complainant vacated the Family Court proceedings and stated: "where a jurisdictional statute provides for a binding election of forums, the law of physics must apply to insure that two mutually exclusive properties not occupy the same space at the same time” (People v Perez, at 294).